419 P.2d 218

STATE of New Mexico, Plaintiff-Appellee,

v.

Floyd Earl DALRYMPLE, Defendant-Appellant.

No. 8120.

Supreme Court of New Mexico.

Oct. 10, 1966.

Charles L. Harrington, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., for appellee.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

This appeal is from an order denying a prisoner's motion to amend the commitment.

On November 27, 1964, in the District Court of Chaves County, Floyd Earl Dalrymple entered a plea of guilty to an information charging of robbery. Sentence was postponed pending a determination of whether or not the defendant should be sentenced as an habitual criminal. On January 12, 1965, the defendant was adjudged to be an habitual criminal and on the same day was sentenced accordingly. Thereafter, this court reversed the habitual criminal conviction and remanded the cause for a new trial, State v. Dalrymple, 75 N.M. 514, 407 P.2d 356. After being returned to Chaves County for trial, the information charging the defendant with being an habitual criminal was dismissed and the defendant was thereupon sentenced in the case where he had been charged with robbery. The sentence was for a term of not less than two years nor more than ten years and the commitment was dated as of January 12, 1965, the date when the defendant was previously sentenced as an habitual criminal. Thereafter, the defendant filed a motion to amend the commitment to show the sentence to begin as of the date of November 27, 1964, that being the date the defendant entered a plea of guilty to the charge of robbery. The trial court entered an order denying the motion. It is from that order that the defendant has appealed.

The appellant contends that the re-sentence policy in effect in New Mexico requires the sentencing court to make a sentence effective as of the date that it was first possible to have sentenced him, that is, on the date of the plea of guilty.

█ In Sneed v. Cox, 74 N.M. 659, 397 P.2d 308; State v. Mosley, 75 N.M. 348, 404 P.2d 304; Lott v. Cox, 76 N.M. 76, 412 P.2d 249 we directed that the effective date of the re-sentence be the date when the initial sentence commenced. The trial court in this case acted in conformity with that requirement. Had the trial court granted the motion filed by the appellant and directed that the sentence commence on November 27, 1964, the date of the plea of guilty, such sentence would have been contrary to the principle announced in State v. White, 71 N.M. 342, 378 P.2d 379.

█ The appellant further contends, that the trial court as well as the Supreme Court has the power to re-sentence and establish an effective date of sentence. With that contention we are in accord and in a proper case it would be applied. The trial court here established an effective date and did so correctly.

The order entered by the trial court is affirmed.

It is so ordered

CHAVEZ and MOISE, JJ., concur.