431 P.2d 874

James A. RABURN, Petitioner,

v.

Honorable Kermit E. NASH, Judge of the District Court of Lea County, New Mexico, and Judge by designation of the District Court of Curry County, New Mexico, Respondent.

No. 8446.

Supreme Court of New Mexico.

Sept. 1, 1967.

Rehearing Denied Sept. 28, 1967.

Rowley, Davis, Hammond & Murphy, Richard F. Rowley, II, Clovis, for petitioner.

Morris Stagner, Dist. Atty., Ninth Judicial District, Clovis, for respondent.

## OPINION

NOBLE, Justice.

James A. Raburn has filed an original action in mandamus in this court to compel the district court of Curry County to dismiss a criminal information because of an asserted denial of his constitutional right to a speedy trial.

The petition alleges that on March 4, 1965, a criminal information was filed charging Raburn with forgery. After a preliminary hearing and arraignment, he disqualified the resident judge. Judge Nash, district judge of Lea County, was designated by the chief justice of this court to preside; and the case was set for trial at the April, 1967 term of the Curry County district court. The petition also alleges a motion to dismiss the information because of a failure to afford Raburn a speedy trial was denied by Judge Nash after argument. The response to our alternative writ of mandamus admits these allegations and further discloses, by reference to district court files, that Raburn was also charged, February 5, 1965 in Curry County, with escape, to which he entered a plea of "not guilty by reason of insanity." A psychiatric report was ordered which was received September 20, 1965. Raburn was tried and convicted by a Curry County jury on the escape charge at the October, 1965 term and is now serving that sentence in the State penitentiary. Judge Nash answers that because of the press of court business in his own district, he could not try the case in 1966 although requested so to do by the district attorney.

We are required to determine whether failure to try petitioner at a prior term constitutes a denial of his right to a speedy trial which entitles him to a dismissal of the criminal information.

■ It is fundamental that both the Federal and State Constitutions guarantee a speedy, public trial to a person charged with crime. See State v. Couture, 156 Me. 231, 163 A.2d 646; United States Constitutional Amendment VI; New Mexico Constitution, article II, § 14. The constitutional guarantee preventing undue delay between the time of the charge and trial has a three fold purpose. It protects the accused, if held in jail to await trial, against prolonged imprisonment; it relieves him of long periods of time when there may be public suspicion because of an untried accusation; and, it prevents him from being exposed to the hazard of a trial after so great a lapse of time that the means of proving his innocence may not be within his reach, as, for example, by loss of witnesses or the dulling of memory. Report of Commissioners on

Practice & Pleading (1849), p. 342, found in McKinney's Consol. Laws of N.Y., Book 66, pt. 2, as quoted in People v. Prosser, 309 N.Y. 353, 130 N.E.2d 891, 57 A.L.R.2d 295.

A prisoner does not forfeit his right to a speedy trial solely because he is confined in the penitentiary under sentence for another offense. State v. D'Autremont, 212 Or. 344, 317 P.2d 932, and cases there cited. This is particularly true when the state that holds him in prison is the same state that presents the indictments. State v. McTague, 173 Minn. 153, 216 N.W. 787; Annot., 118 A.L.R. 1037.

The great weight of the decided cases, however, hold that absent extreme circumstances a defendant may not be heard to complain unless he has affirmatively made known his desire for a speedy trial. Annot., 57 A.L.R.2d 304, 324; see Pietch v. United States, 110 F.2d 817, 819, 129 A.L.R. 563 (10th Cir. 1940); McCandless v. District Court, 245 Iowa 599, 61 N.W.2d 674; State v. McTague, supra; United States v. Wai Lau, 329 F.2d 310 (2d Cir. 1964). As the Minnesota court in McTague, supra, expressed the rule, "the accused must go on record in the attitude of demanding a trial or resisting delay" or be deemed "to have waived the privilege." The Supreme Court of Maine in State v. Couture, supra, quoted the general rule from 22 C.J.S. Criminal Law § 469, with approval, as follows:

"'While there is some authority to the contrary, the general rule is that a demand for trial, resistance to postponement, or some other effort to secure a speedy trial must be made by accused to entitle him to a discharge on the ground of delay.'"

Even though the Supreme Court of Oregon has consistently followed the minority in presuming a demand for a speedy trial, the great weight of the decided cases to the contrary was recognized by that court in State v. Vawter, 236 Or. 85, 386 P.2d 915. Certainly the two motions filed in the escape case, requesting that it be first tried, cannot be considered as a request for trial of the forgery case. They merely sought vacation of settings for trial of the escape case. A small minority hold it is not incumbent upon an accused to take affirmative action or demand trial. See Annot., 57 A.L.R.2d at 334. It will, however, be noted that most of those states have mandatory statutes requiring dismissal unless the accused is brought to trial within a specified period. Flanary v. Commonwealth, 184 Va. 204, 35 S.E.2d 135; Zehrlaut v. State, 230 Ind. 175, 102 N.E.2d 203; Berkihiser v. State, 92 Okl. Cr. 31, 219 P.2d 1020.

Supplemental to the constitutional guarantee, a number of states have enacted statutory provisions defining the nature and limits of the right. There is no dissent from the rule that both the constitutional and statutory right to a speedy trial is a personal privilege that may be waived. Annot., 57 A.L.R.2d 304, 307, and cases cited. The Supreme Court of Iowa in McCandless v. District Court, supra, aptly said, respecting the privilege:

"It has been well said that the rights given the accused by the constitution and our statutes are shields, not weapons, and being so intended by the legislature, we must give meaning to that intent. If this is true, what must one do in order to use the shield? Must the state carry it for him? We think not."

Petitioner acknowledges that our statute, section 41–11–4, N.M.S.A.1953, reading: "all indictments shall be tried at the first term at which the defendant appears, unless continued for good cause" does not expressly require a defendant informed against, as distinguished from being indicted, to be tried at the next term following filing of the criminal information. He argues, however, that this statute declared a legislative policy of imposing on the courts and its officers the affirmative duty to speedily bring the defendant to trial, and has specified a time limit considered necessary to carry into ef-

fect the constitutional guarantees and provide due process.

The New Mexico statute relied upon, however, was clearly not enacted with a view to carrying into effect the constitutional guarantee of a speedy trial. It was enacted long before New Mexico became a state and has been carried forward into out laws without change. The provision originated as section 17, Practice of Law in Criminal Cases, of the Kearney Code, and was enacted as section 17, ch. 57, Laws 1865. Informations were first authorized in this State by a 1925 constitutional amendment. Furthermore, the statute relied upon, unlike those requiring dismissal for failure to bring to trial within the prescribed period, is only directory. See Zamloch v. Municipal Court, 106 Cal.App.2d 260, 235 P.2d 25; People v. Marshall, 209 Cal. 540, 289 P. 629.

The statute provides no solace to petitioner under the circumstances present. Even if sec. 41–11–4, supra, be considered a declaration of legislative policy, affirmative acts of the accused, as well as his omissions, were contributing factors in delaying the case past the first term after the information was filed. The great weight of authority is expressed by the Annotator at 57 A.L.R.2d 308, as:

"It is now the well-established general rule, that if the acts or omissions of accused are the cause of or a contributing factor in the delay which passes the trial over the period or term of court within which, according to statute, the case must be brought to trial, unless good cause to the contrary be shown, accused is not entitled to a dismissal."

See Shepherd v. United States, 163 F.2d 974 (8th Cir. 1947); People v. Emblen, 362 Ill. 142, 199 N.E. 281; People v. Morris, 3 Ill.2d 437, 121 N.E.2d 810. In Ex parte Meadows, 71 Okl.Cr. 353, 112 P.2d 419, it was held that a defendant was not entitled to dismissal where the delay was not due to laches on the part of the state.

In this connection, since Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1, has held the speedy-trial provision of the Sixth Amendment applicable to criminal proceedings in state courts, United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627, is applicable in its declaration that, because of the many procedural safeguards provided an accused, criminal prosecutions are necessarily designed to move at a deliberate pace. The United States Supreme Court there said:

"* * * A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' * * * 'Whether delay in completing a prosecution * * * amounts to an unconstitutional deprivation of rights depends upon the circumstances. * * * The delay must not be purposeful or oppressive,' Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393, 399. '[T]he essential ingredient is orderly expedition and not mere speed.' Smith v. United States, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041, 1048." (Emphasis supplied.)

One test is whether the delay was caused wholly by act of the state or whether some act of the defendant caused or contributed to the delay. The record here discloses that the defendant entered a plea of "not guilty by reason of insanity" in the escape case pending before the same court and that his psychiatric report was received in September, 1965. We do not believe the defendant could properly have been tried in the forgery case so long as his assertion of insanity was pending. It is, therefore, apparent that the petitioner's disqualification of the resident district

judge, as well as his insanity plea in another pending case before the same court, constituted acts of the accused which were the cause of or a contributing factor in the delay which passed the trial over the first term after the information was filed. In these circumstances, the substantial interval between the filing of the criminal information and setting the case for trial does not in itself violate the speedy-trial requirement of the Constitution.

Furthermore, the petitioner in this instance has not asserted that the passage of time has impaired his ability to defend himself, thereby rendering the delay prejudicial or oppressive. He mentions no evidence which has been lost nor any witness known to have become unavailable. We find no purposeful, oppressive or culpable governmental conduct inhering in the circumstances here called to our attention.

From what has been said, it now appears that the alternative writ of mandamus was improvidently issued and should be discharged.

It is so ordered.

CHAVEZ, C. J., and MOISE, COMPTON and CARMODY, JJ., concur.