431 P.2d 746

Floyd E. DALRYMPLE, Petitioner-Appellant,

v.

The STATE of New Mexico, Respondent-Appellee.

No. 8304.

Supreme Court of New Mexico.

Sept. 11, 1967.

B. R. Baldock, Roswell, for appellant.

Boston E. Witt, Atty. Gen., George Richard Schmitt, Asst. Atty. Gen., for appellee.

OPINION

CARMODY, Justice.

Appellant seeks a reversal of the trial court's order which dismissed his petition to set aside a judgment and sentence.

Although termed a petition for writ of coram nobis, the trial court considered it, and so do we, as a petition for post-conviction relief under Rule 93 (§ 21–1–1 (93), N.M.S.A.1953).

On November 27, 1964, appellant pleaded guilty to one count of robbery, but was not at that time sentenced because an information was immediately filed charging him with being an habitual offender. On January 12, 1965, following a jury verdict with respect to the habitual proceeding, appellant was sentenced to serve the rest of his natural life. In State v. Dalrymple, 1965, 75 N.M. 514, 407 P.2d 356, wherein appellant's only contention related to the habitual charge, we reversed the habitual conviction. No issue was raised in that case as to appellant's plea of guilty, and the reversal did not grant a new trial as to the plea of guilty. Thereafter the habitual criminal information was dismissed and the court sentenced appellant to a term of not less than two nor more than ten years upon the charge to which he had originally pleaded guilty. This latter sentence was dated as of January 12, 1965, and this was determined to be proper in State v. Dalrymple, 1966, 77 N.M. 4, 419 P.2d 218.

Prior to our decision in the latter case, appellant was granted a hearing in the trial court on his motion for post-conviction relief. At this hearing, the court heard testimony from the appellant and other witnesses and filed its decision consisting of detailed findings of fact, and concluded that the petition should be dismissed.

The first six of the seven points raised on appeal are identical with those passed upon by the trial court. Briefly, they are: (1) That there was no warrant of arrest issued or served upon petitioner; (2) that petitioner's room was the subject of an illegal search and seizure; (3) that there was an illegal confrontation of witnesses because appellant was not placed in a line-up at the time of his identification; (4) that no supporting evidence to appellant's plea of guilty was presented; (5) that ap-

pellant was illegally sentenced because he claims that the Dalrymple case in 75 N.M. 514, 407 P.2d 356 reversed the case in its entirety, rather than merely a reversal on the habitual criminal sentence; and (6) that by reason of all of the foregoing, appellant was coerced into pleading guilty.

The findings of fact made by the trial court, although controverted by the testimony of appellant himself, are supported by, not just substantial, but, in our opinion, very convincing evidence.

■ None of appellant's contentions have any merit. We note, however, that the primary issue relates to the voluntariness of the plea of guilty, it being urged that somehow appellant was coerced into entering his plea because he hoped that by doing so an habitual charge would not be filed. Suffice it to say that the trial court was not impressed, nor are we. It is apparent that appellant freely and voluntarily pleaded guilty to simple robbery and the more serious charge contained in another count was dismissed.

The defendant's claim that his plea was involuntary, when examined in view of all the circumstances, is to no avail. State v. Ortega, 1966, 77 N.M. 7, 419 P.2d 219, and cases cited therein; Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L. Ed.2d 1199.

We see no reason to further discuss the other points mentioned above; they are without merit; the trial court's findings are dispositive of the issues.

■ Appellant's last point asserts a claimed denial of a speedy trial and sentence because of the delay between the guilty plea and the sentence. This point was in no sense raised in the trial court, and we would not consider it except to lay it at rest, for it is completely without merit. Appellant was promptly sentenced after our decision in the first Dalrymple case and received full credit for the time he had served under the prior illegal sentence according to the second Dalrymple case. In neither fact nor law was appellant denied

**370**

any right guaranteed to him in connection with the imposition of the sentence.

The order appealed from will be affirmed. It is so ordered.

MOISE, J., and WALDO SPIESS, J., Court of Appeals, concur.