457 P.2d 223

STATE of New Mexico, Plaintiff-Appellee,

v.

John Joseph ADAMS, Defendant-Appellant.

No. 304.

Court of Appeals of New Mexico.

June 27, 1969.

H. Gregg Privette, Privette & Privette, Las Cruces, for defendant-appellant.

James A. Maloney, Atty. Gen., Vince D'Angelo, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Appealing his conviction of burglary, defendant raises issues concerning: (1) speedy trial and (2) search and seizure.

*Speedy trial.*

The right to a speedy trial is guaranteed by the Sixth Amendment to the Constitution of the United States. This guarantee applies to criminal prosecutions in state courts. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); Raburn v. Nash, 78 N.M. 385, 431 P.2d 874 (1967), cert. dismissed 389 U.S. 999, 88 S.Ct. 582, 19 L.Ed.2d 613 (1967). N.M.Const. Art. II, § 14 also guarantees the right to a speedy trial.

Whether there has been a denial of this right depends upon the circumstances. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Raburn v. Nash, supra; State v. McCroskey, 70

N.M. 502, 445 P.2d 105 (Ct.App.1968). The only circumstance urged by defendant is the time interval between arrest on March 3rd and trial on July 25th. This interval, without more, is insufficient for a determination that the right to a speedy trial has been denied. Compare Dalrymple v. State, 78 N.M. 368, 431 P.2d 746 (1967); State v. Lattin, 78 N.M. 49, 428 P.2d 23 (1967).

What are the other circumstances shown by the record? A criminal complaint, charging the burglary, was filed on the day of the arrest, March 3rd. Counsel was appointed to represent defendant, but we do not know when the appointment was made. A preliminary hearing was held; we do not know when the hearing was held or how long it took. The criminal information was filed April 30th. Defendant was arraigned July 8th. There was a change in attorneys prior to the arraignment but we do not know when the change occurred. A Bill of Particulars was filed July 10th. Defendant's motion to suppress certain evidence was filed July 17th. A transcript of the preliminary hearing proceedings was on file with the court when the case was tried July 25th but we do not know when the transcript was filed.

■ These circumstances indicate that the criminal prosecution was moving at a designedly deliberate pace consistent with the procedural safeguards afforded the defendant. See United States v. Ewell, supra; Raburn v. Nash, supra. Absent additional circumstances, which are not in the record, we cannot say that the interval between March 3rd and July 25th was a denial of the constitutional provision for a speedy trial.

The time interval in this case is 144 days. This exceeds, by approximately three weeks, the "model" time discussed in A Report by the President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society, (1967), p. 155. This time interval is not extreme. Raburn v. Nash, supra, states "* * * that absent extreme circum-

stances a defendant may not be heard to complain unless he has affirmatively made known his desire for a speedy trial. * * *" Defendant never requested trial. The only reference to a speedy trial is defendant's motion to dismiss on the asserted basis that it had been denied. This motion was made at arraignment on July 8th. Defendant may not complain of the lack of trial prior to July 8th; he had a speedy trial after that date, having been tried on July 25th.

*Search and seizure.*

■ This issue is concerned with a quantity of blank checks taken from the business that was burglarized.

Defendant was apprehended inside the burglarized business and placed under arrest. At that time an officer noted a roll of these checks in defendant's right rear pocket. The officer took these checks from defendant.

When apprehended, defendant's left thumb was bleeding severely. He was taken from the burglarized business to the hospital for treatment. While there, defendant either took off his jacket or pulled it back. An officer saw some more of the checks in defendant's shirt pocket and took them. The evidence is conflicting whether the officer kept these checks or returned them to defendant and retook them when they arrived at the police station. It makes no difference in this appeal.

After being treated, defendant was taken across the street from the hospital to the police station. While being booked, defendant's pockets were emptied. Some more of the checks appeared from another pocket.

An officer took defendant from the scene within fifteen minutes after he was apprehended. It took about eight minutes to reach the hospital. Defendant was at the hospital approximately twenty-five minutes. It took no more than four minutes to cross the street to the police station. The total time involved is less than an hour.

The checks seized at the scene were contemporaneous with the arrest. See City of Roswell v. Mayer, 78 N.M. 533, 433 P.2d 757 (1967); State v. Deltenre, 77 N.M. 497, 424 P.2d 782 (1966), cert. denied, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967). The checks seized at the hospital were a part of the continuing series of events. State v. Everitt, 80 N.M. 41, 450 P.2d 927 (Ct.App.1969); State v. Perez, 79 N.M. 417, 444 P.2d 602 (Ct.App.1968). The checks seized at the police station were taken in the process of jailing the defendant. Bailey v. United States, 404 F.2d 1291 (D.C. Cir. 1968); Baskerville v. United States, 227 F.2d 454 (10th Cir. 1955); see Charles v. United States, 278 F.2d 386 (9th Cir. 1960), cert denied, 364 U.S. 831, 81 S.Ct. 46, 5 L.Ed.2d 59 (1960); State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968); State v. Herring, 77 N.M. 232, 421 P.2d 767 (1966), cert denied, 388 U.S. 923, 87 S.Ct. 2126, 18 L.Ed.2d 1372 (1967). Each of the seizures was an incident to defendant's arrest.

Although arrested at the scene of the burglary, defendant's arrest was on the basis of an outstanding warrant for an alleged assault and battery. He was arrested on the burglary charge while being booked into jail. The checks were validly seized as an incident to the arrest on the assault and battery charge. Since the checks were not seized as an incident to the arrest for burglary, defendant claims their seizure was illegal in connection with the burglary charge. This is not correct.

State v. Ramirez, 79 N.M. 475, 444 P.2d 986 (1968) states:

"* * * [O]fficers who search incidental to a lawful arrest may seize things incidental to another and wholly unrelated offense which may be uncovered by such a search. * * *"

Although the checks were unrelated to the assault and battery charge, their seizure was not an unreasonable seizure violative of the constitutional prohibition because taken as an incident to the arrest on the assault and battery charge. State v. Slicker, 79 N.M. 677, 448 P.2d 478 (Ct.App.1968).

The judgment and sentence are affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.