564 P.2d 207

STATE of New Mexico,
Plaintiff-Appellee,

v.

John DOE, I and John Doe, II,
Defendants-Appellants.

No. 2860.

Court of Appeals of New Mexico.

May 10, 1977.

Jan A. Hartke, Chief Public Defender, William H. Lazar, Asst. Appellate Defender, Santa Fe, for defendants-appellants.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The dispositive issue in this Children's Court case involves § 13–14–25(J), N.M.S.A. 1953 (Repl. Vol. 3, pt. 1) which reads:

"In a proceeding on a petition, a party is entitled to the opportunity to introduce evidence and otherwise be heard on the party's own behalf and to confront and cross-examine witnesses testifying against the party, and to admit or deny the allegations against the party in a petition."

The children admitted one of the delinquent acts alleged in the petition. The Children's Court then held a hearing on whether the children were in need of care or rehabilitation. See § 13–14–28(E), N.M.S.A.1953 (Repl. Vol. 3, pt. 1).

Testimony at the hearing was to the effect that child I had been stopped for speeding by an unidentified person who informed child I "that the next time I come down the street he was going to make me wear a brick around my neck . . . ." Child I reported this to his brother, child II. The

two of them got a shotgun, returned to the neighborhood and fired the shotgun through a window of the house. The room into which the shotgun was fired was occupied at the time by two of the residents of the house.

■ This testimony sustains the finding that the children were in need of care or rehabilitation. The complaint on appeal concerning this testimony is that the testimony was not given under oath. There was no objection in the Children's Court concerning the admission of unsworn testimony. The children may not raise the issue on appeal. *State v. Madrigal*, 85 N.M. 496, 513 P.2d 1278 (Ct.App.1973).

At the hearing directed to whether the children were in need of care or rehabilitation, the Children's Court had before it the report of probation service. At that hearing, information was presented to the court concerning the work and marital status of one child and concerning the school record of the other child. In addition, the probation officer recommended a diagnostic commitment. See Children's Court Rule 37.

The following then occurred. Mr. Fitzpatrick is the attorney for the children:

"THE COURT: I'm sorry but with a crime like this, I don't care what their school records are like or what their past records are like, I have no choice except to send them up to Springer on a full commitment, both of them.

"MR. FITZPATRICK: Well, Judge—

"THE COURT: That is the order of the Court.

"MR. FITZPATRICK: I think, Your Honor—

"THE COURT: I have ruled.

"MR. FITZPATRICK: Well, let me— could I point out one factor? I don't know if I should point out that . . . has a wife that isn't working, with an infant—

"THE COURT: He should have thought of that.

"(Mother of boys starts to weep very loudly.)

"MR. FITZPATRICK: Now, I would think that, Judge—

"(Mother continues to weep very loudly drowning out Mr. Fitzpatrick.)

"MR. FITZPATRICK: (continuing) Judge, could I ask the Court to reconsider or to consider the recommendation of the Diagnostic Center on a 40-day commitment?

"THE COURT: No.

"MR. FITZPATRICK: I don't know if it was pointed out, I think for the younger child, this is his first referral and—

"THE COURT: I am sorry, Mr. Fitzpatrick, I have ruled.

"(END OR HEARING)"

The brief for the children states:

"The refusal of the judge of the Children's Court to allow the appellants' attorney to present evidence on the issues of their need for care and rehabilitation and the disposition to be made before he summarily sentenced them to full commitments at Springer is the sole error urged for reversal on appeal."

■ We do not agree that the Children's Court refused to allow the presentation of evidence, either on the question of whether the children were in need of care or rehabilitation or the question of the appropriate disposition. The Children's Court was never informed that the children desired to present additional evidence. See Evidence Rule 103. Thus, no issue is presented under § 13–14–28(G), N.M.S.A.1953 (Repl. Vol. 3, pt. 1).

■ What the record does show is that the Children's Court made a dispositional ruling without giving the attorney for the children an opportunity to be heard. When the attorney nevertheless sought to speak on behalf of the children, the Children's Court interrupted and effectively denied the children the opportunity to be heard. Section 13–14–25(J), *supra.*

The findings in the judgments that each of the children committed a delinquent act, and each is in need of care or rehabilitation are affirmed. Because the opportunity to be heard was denied, the portions of the

judgments committing each of the children to the Department of Corrections at Springer are vacated. After affording the children an opportunity to be heard, a new dispositional judgment is to be entered. See *Territory v. Herrera,* 11 N.M. 129, 66 P. 523 (1901); *State v. Torres,* 81 N.M. 521, 469 P.2d 166 (Ct.App.1970).

IT IS SO ORDERED.

HENDLEY, J., concurs.

HERNANDEZ, J., dissents in part, concurs in part.

HERNANDEZ, Judge, (dissents in part, concurs in part).

I respectfully dissent from that part of the majority opinion that holds: "that the Children's Court made a dispositional ruling without giving the attorney for the children an opportunity to be heard," citing Section 13–14–25(J), *supra.* That section governs "a proceeding on a petition." The appropriate section governing dispositional hearings, in my opinion, is § 13–14–28(G), N.M.S.A. 1953 (Repl. Vol. 3, pt. 1) which provides:

"In that part of the hearings held under the Children's Code on dispositional issues all relevant and material evidence helpful in determining the questions presented, including oral and written reports, *may* be received by the court and may be relied upon to the extent of its probative value even though not competent had it been offered during the part of the hearings on adjudicatory issues and the issue of need for care and rehabilitation." (Emphasis mine.)

Nonetheless, the record shows that the probation officer testified about the children's father and mother (their occupation, church attendance, etc.), and then gave his recommendation to the court as to how the matter should be disposed of. The children's attorney, without interruption or hindrance from the court, questioned them concerning the incident which gave rise to the petition. His examination also brought out that the elder of the two, seventeen years old, was married and had an infant child, about four months old, and that he was employed as a cook. That the younger one, sixteen years old, attended school regularly, had had no disciplinary problems and was living with his parents. The father testified that he had made arrangements to make reimbursement for the damage done by his sons. The part of the colloquy between the court and the children's attorney quoted by the majority came after all of the facts recited above had been elicited. It is my opinion that the children and their attorney were given a fair hearing and that the court did not abuse its discretion in refusing to hear more.