571 P.2d 425

**STATE of New Mexico, Petitioner-Appellant,**

v.

**John DOE, a child, Respondent-Appellee.**

**No. 3196.**

Court of Appeals of New Mexico.

Oct. 25, 1977.

Toney Anaya, Atty. Gen., Roderick A. Dorr, Asst. Atty. Gen., Santa Fe, for petitioner-appellant.

Lowell Stout, Hobbs, for respondent-appellee.

OPINION

WOOD, Chief Judge.

The Children's Court petition alleged the child had committed embezzlement, was delinquent and in need of care or rehabilitation. The Children's Court dismissed the petition with prejudice. The State is attempting to appeal.

We assigned this case to the limited calendar. The calendar assignment invited the parties "to brief the question as to whether the State may appeal this case."

The child responded by moving to dismiss because of the constitutional prohibition

against double jeopardy. The child relies on *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). *Breed* held that a juvenile was put in jeopardy at an adjudicatory hearing; that is, "at a proceeding whose object is to determine whether he has committed acts that violate a criminal law". Jeopardy attached when the Children's Court, as the trier of facts, began to hear evidence. *Breed*, supra.

The Double Jeopardy Clause protects against a second trial for the same offense after acquittal. *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

The State's response to the motion to dismiss is that appellate counsel has insufficient facts to determine whether the Double Jeopardy Clause applies to this case; the State asks that a ruling on the motion be delayed until the transcript is filed in this Court.

The docketing statement asserts that the dismissal came after an evidentiary hearing at which the child's confession was excluded. After the confession was excluded, the State tendered further evidence. After this tender, the petition was dismissed. The State does not contest the accuracy of these representations in the docketing statement. The record shows this case was set for trial on the merits.

The Children's Court order states: "The evidence adduced by the State . . . was legally inadmissable to establish that the respondent committed a delinquent act and/or that the respondent is in need of supervision or rehabilitation."

The only showing, undisputed, is that the petition was dismissed after a trial on the merits at which the State's evidence was held to be insufficient. This case does not involve dismissal on the basis of a pretrial motion. See *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed. 265 (1975). The dismissal after hearing evidence on the merits of the charge, and the ruling that the State's evidence was insufficient, was an acquittal.

Further proceedings against the child by the State are barred by the Double Jeopardy Clause.

The appeal is dismissed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.