583 P.2d 473
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John DOE, a child, Defendant-Appellant.**

**No. 3393.**

Court of Appeals of New Mexico.

April 18, 1978.

Toney Anaya, Atty. Gen., Charlotte Hetherington Roosen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

John B. Bigelow, Chief Public Defender, Reginald J. Storment, Appellate Defender, Martha A. Daly, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

WOOD, Chief Judge.

In this Children's Court case, the child was found to be delinquent on the basis of disorderly conduct and battery upon a police officer. He was committed to the Boys' School. We discuss: (1) disorderly conduct; (2) battery upon a police officer; and (3) the commitment.

### Disorderly Conduct

The pertinent portion of § 40A–20–1, N.M.S.A.1953 (2d Repl.Vol. 6) reads:

*Disorderly conduct.*—Disorderly conduct consists of:

A. engaging in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct which tends to disturb the peace . . .

We do not reach the claims that this statute is unconstitutional because the evidence does not show the child violated the statute.

The child was a passenger in a car, stopped on "suspicion", after officers twice saw the car pull into the parking lot of a liquor store. While officers were conducting a "field interrogation" of the driver, the child "started in a very loud voice questioning why they were continually stopped, always being harassed and everything else." Asked several times to hold his voice down, the child did not comply. The "loud voice" continued even after the child was advised that he could be arrested for disorderly conduct.

"Due to his drawing attention to the officers and persons there from other people in the area, the subject was then placed under arrest and placed in the patrol vehicle. * * It was just the questioning of the stop and why he was always being harassed, but it was in a very loud voice that was bringing attention from surrounding areas close to our immediate area."

"He did appear to be aggressive by clenching his fists at times while he was talking with us, but he never did make a

move on an officer until we had made an attempt to put him under cuffs. * * * I could tell that he was becoming angered and with his actions I didn't know that at at any time he might go ahead and become combative."

The Children's Court referred to the child's "gestures towards the police" but there is no evidence of gesturing. The child used a loud voice, clenched his fists and was angry, but he never made a move on an officer prior to the arrest for disorderly conduct. The arresting officer could say no more than that he thought the child "might become combative" in the future.

The conduct to which § 40A–20–1(A), supra, refers must be conduct which tends to disturb the peace. Up to the point of his arrest, the child's conduct had not been unlawful. There is no evidence that this conduct tended to cause consternation and alarm, or tended to produce violence so as to tend to disturb the peace and quiet of the community. See *State v. Florstedt*, 77 N.M. 47, 419 P.2d 248 (1966); *State v. Oden*, 82 N.M. 563, 484 P.2d 1273 (Ct.App.1971).

*Norwell v. Cincinnati*, 414 U.S. 14, 94 S.Ct. 187, 38 L.Ed.2d 170 (1973) states:

[O]ne is not to be punished for nonprovocatively voicing his objection to what he obviously felt was a highly questionable detention by a police officer. Regardless of what the motivation may have been behind the expression in this case [the defendant's words], it is clear that there was no abusive language or fighting words. If there had been, we would have a different case.

The defendant's conduct—using a loud voice in questioning the stop and clenching his fists—did not amount to disorderly conduct and did not provide probable cause for such an arrest. The child was illegally arrested.

### Battery on a Police Officer

Taken to the police station in a patrol car, the child was booked but refused to strip in order to be searched before being jailed. Officers forcibly removed the child's clothes. The child fought back. This fighting back is the basis for finding that the child committed battery upon a police officer.

■ The strip search was an incident of the child's illegal arrest for disorderly conduct. *State v. Adams*, 80 N.M. 426, 457 P.2d 223 (Ct.App.1969). That arrest being illegal, in this case the search was illegal.

Section 40A–22–23, N.M.S.A.1953 (2d Repl.Vol. 6) defines battery upon a police officer to include an "unlawful" touching of a police officer "in the lawful discharge of his duties". We need not consider whether resisting an illegal search was unlawful action by the child. Clearly, an officer conducting an illegal search is not in the lawful discharge of his duties. Under the evidence, § 40A–22–23, supra, was not violated. See *State v. Frazier*, 88 N.M. 103, 537 P.2d 711 (Ct.App.1975).

### The Commitment

■ The amended "judgment and disposition" reads:

It is adjudged that the respondent is hereby committed to the New Mexico Boys' School at Springer, New Mexico for a period of two years.

Whether this commitment be read as placing the child in confinement or merely ordering that the child be confined, see *State v. Garcia*, 78 N.M. 777, 438 P.2d 521 (Ct.App.1968), it was improper.

Section 13–14–35(A), N.M.S.A.1953 (Repl. Vol. 3, pt. 1) states:

A judgment vesting legal custody of a child in an agency shall remain in force for an indeterminate period not exceeding two [2] years from the date entered, except that *not more than one [1] year in an institution for the housing of delinquent children may be authorized without further order of the court* . . . .
(Our emphasis.)

Compare § 13–14–35(F) and (H).

The amended judgment was improper to the extent it purported to commit the child to an institution for housing delinquent children for more than one year.

**112**

However, the remedy for the improper commitment would be to correct the commitment, not discharge the child. See *Shankle v. Woodruff*, 64 N.M. 88, 324 P.2d 1017 (1958).

The amended judgment and disposition is reversed because the evidence does not show disorderly conduct and because the child did not batter a police officer who was in the lawful discharge of his duties.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.