582 P.2d 1287

**John DOE, a child, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 11965.**

Supreme Court of New Mexico.

Aug. 21, 1978.

John B. Bigelow, Chief Public Defender, Karen Marlene Foster, Asst. Public Defender, Mark H. Shapiro, Asst. Appellate Defender, Albuquerque, for petitioner.

Toney Anaya, Atty. Gen., Roderick A. Dorr, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

EASLEY, Justice.

The prior opinion filed in this case on July 10, 1978 is hereby withdrawn and this opinion substituted therefor.

The trial court found that this child committed a delinquent act—the offense of larceny of less than $100, a misdemeanor. That court also found the child to be in need of care and rehabilitation, although there was no evidence received at the trial except that which related to the larceny charge. The trial judge then committed the child to the Boy's School in Springer. The Court of Appeals affirmed. We reverse.

We inquire whether the trial court could properly find that the child was in need of care and rehabilitation where the only evidence upon which the court could base its opinion was contained in a pre-disposition report submitted after trial.

*Statutory Requirements*

On a petition alleging delinquency under the Children's Code, § 13–14–28, N.M.S.A. 1953 (Repl. 1976), the hearing proceeds in three phases. The first two phases are adjudicatory proceedings to determine delinquency, and jeopardy attaches to them. *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). The third phase is not adjudicatory but merely dispositional. The standard for admissibility of evidence in adjudicatory phases of the hearing is clearly different from that in the dispositional phase of the hearing.

The Code requires in the first phase that the court determine whether the child committed the delinquent act. § 13–14–28(D). If the court finds "on the basis of proof beyond a reasonable doubt based upon competent, material and relevant evidence" that the child committed the act, § 13–14–28(E), then the court proceeds, in the second phase, to determine whether or not the child is in need of care and rehabilitation. The offense in question here not being a felony,[1] the court must then find, "on the basis of clear and convincing evidence, competent, material and relevant in nature," that the child is in need of care and rehabilitation. § 13–14–28(F). Only after the above findings are made may the court proceed in the third phase, either immediately or at a postponed hearing, to make a disposition of the child. § 13–14–28(F).

In that part of the hearings held under the Children's Code on *dispositional* issues all relevant and material evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative

---

1. Where the act committed would be a felony if committed by an adult, the evidence of the commission of the act, in the absence of evidence to the contrary, is sufficient to sustain a finding that the child is in need of care or rehabilitation. § 13–14–28(E).

value *even though not competent had it been offered during the part of the hearings on adjudicatory issues and the issue of need for care and rehabilitation.*

§ 13–14–28(G) (emphasis added).

*Use of the Pre-disposition Report*

The pre-disposition report received by the judge in this case is composed primarily of hearsay evidence which would be clearly incompetent within the meaning of the statute in either of the adjudicatory phases of the proceedings. *In re R.*, 1 Cal.3d 855, 83 Cal.Rptr. 671, 464 P.2d 127 (1970). It was not shown to be "competent, material and relevant in nature" as the statute mandates. To use such hearsay and untested evidence to determine delinquency is constitutionally impermissible as a denial of the child's constitutional right to confront and cross-examine the witnesses against him. U.S.Const. Amend. VI; N.M. Const. art. II, § 14. The juvenile is entitled to a fact-finding process that measures up to the essentials of due process and fair treatment. *Peyton v. Nord*, 78 N.M. 717, 437 P.2d 716 (1968); *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

It was error to rely solely on the pre-disposition report to support the finding that the child was in need of care and rehabilitation. Since jeopardy attached at the first hearing where the issue of delinquency was tried, *Breed, supra*, it would violate the constitutional prohibition against double jeopardy to remand this case for a new adjudication of delinquency. U.S.Const. Amend. V; N.M.Const. art. II, § 15; *see State v. Doe*, 91 N.M. 158, 571 P.2d 425 (Ct.App.1977).

The Court of Appeals and the trial court are reversed and the case is remanded with instructions that the trial court dismiss the petition.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, PAYNE and FEDERICI, JJ., concur.