598 P.2d 1166

STATE of New Mexico,
Plaintiff-Appellee,

v.

John DOE, Defendant-Appellant.

No. 3701.

Court of Appeals of New Mexico.

Feb. 13, 1979.

Rehearing Denied Feb. 27, 1979.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Asst. App. Defender, Santa Fe, Charles A. Wyman, Asst. Public Defender, Roswell, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael A. Kauffman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The appeal in this Children's Court case involves: (1) criminal sexual contact of the groin; (2) seizure of marijuana; (3) need of care or rehabilitation; and (4) disposition of the child.

*Criminal Sexual Contact of the Groin*

The court found that the child committed criminal sexual contact. Section 30–9–12, N.M.S.A.1978 defines the offense to include the unconsented intentional touching of the unclothed intimate parts of another. "For purposes of this section 'intimate parts' means the primary genital area, groin or anus."

There is no evidence going to a touching of the primary genital area or anus. The child asserts there is no evidence of a touching of the groin, and contends that groin is so indefinable that one cannot determine where the groin is located.

Not having defined "groin" in the statute, and nothing to the contrary appearing, the Legislature is presumed to have used the common meaning of "groin". *State v. Garcia,* 78 N.M. 777, 438 P.2d 521 (Ct.App.1968). The common meaning, in Webster's Third New International Dictionary (1966) is "the fold or depression marking the line between the lower part of the abdomen and the thigh; also: the region of this line".

The victim, awakened, felt something on her legs. Asked to describe the part of the leg, she replied: "Right here. (Indicating). Right on my thigh, right here. (Indicating)." The court saw the area to which the victim was pointing. At trial, the child conceded that the evidence showed a touching of "her [the victim's] upper thighs and the inner portion of her thighs." The court stated: "She did testify that she did feel someone, John Doe, touching her on her upper thigh, inner thigh, or

upper inner thigh". It must be remembered that the court observed the gesture of the victim when the victim testified. We hold there was evidence of a touching of the victim's upper, inner thigh.

A touching of the upper, inner thigh is a touching in the region of the line between the lower part of the abdomen and the thigh. The touching was a touching of the groin.

### Seizure of the Marijuana

■ A week after the sexual incident discussed above, the child was observed driving in excess of 40 miles per hour in a residential area. He was followed five or six blocks by a police officer. The child turned into the driveway of the residence of his brother-in-law, got out of the car leaving the car door open, and headed to the house. The officer called the child over to the police car and ascertained the child had no driver's license. The child was arrested for no driver's license and attempting to elude a police officer. The child was placed in the police car.

The officer, standing by the open door, approximately two feet from the child's car, observed a baggie of marijuana on the floorboard of the car on the driver's side. He also observed roaches (marijuana cigarette butts) and rolling paper on top of the console of the car. These were in plain view and were not discovered as a result of a search. See *State v. Luna*, 91 N.M. 560, 577 P.2d 458 (Ct.App.1978).

■ The child moved to suppress the marijuana as evidence, arguing no probable cause for a search. Since there was no search, this is not argued on appeal. The child's appeal concedes there was no search, but contends seizure of the marijuana, the roaches and the rolling paper was not justified under the "plain view" doctrine because the officer was not justified in being in the position where he observed these items. "If, then, the officer was justified to be in that location, the marijuana was validly seized under the plain view doctrine."

*Rodriguez v. State*, 91 N.M. 700, 580 P.2d 126 (1978) states:

If an officer is lawfully in a position which exposes contraband or evidence to plain view, the evidence may be seized without benefit of a search warrant. Merely seeing those objects which are in plain view does not constitute a search.

The officer was lawfully on the driveway of the residence, checking the driver's license of the driver of a vehicle which had been speeding. After arresting the child and placing the child in the police car, the officer's presence did not become unlawful. Looking into the car through the door left open by the child was appropriate, and lawful, under the circumstances.

### Need of Care or Rehabilitation

■ On a petition alleging delinquency, the adjudicatory proceedings involve two aspects: (1) whether the child committed the delinquent act, and (2) whether the child is in need of care or rehabilitation. Section 32–1–31(E), N.M.S.A.1978; *Doe v. State*, 92 N.M. 74, 582 P.2d 1287 (1978).

The court found that the child committed three delinquent acts: Criminal sexual contact, driving without a driver's license and possession of less than one ounce of marijuana. The court also found that the child was in need of care and rehabilitation. See *State v. Doe*, 90 N.M. 249, 561 P.2d 948 (Ct.App.1977).

The child contends the court's judgment, based on the above findings, is jurisdictionally defective because of a total absence of evidence as to the child's need for care and rehabilitation.

Section 32–1–31(E), supra, states:

E. If the court finds . . . on the basis of proof beyond a reasonable doubt based upon competent, material and relevant evidence, that the child committed *the acts by reason of which he is alleged to be delinquent* . . . it may, in the absence of objection, proceed immediately to hear evidence on whether or not the child is in need of care or rehabilitation and file its findings thereon. In the absence of evidence to the contrary, *evidence of the commission of an act which*

*constitutes a felony* is sufficient to sustain a finding that the child is in need of care or rehabilitation. [Our emphasis.]

Applying the above language, footnote 1 to *Doe v. State*, 92 N.M. 74, 582 P.2d 1287, supra, states that where the act committed would be a felony if committed by an adult, the evidence of the commission of the act, in the absence of evidence to the contrary, is sufficient to sustain a finding that the child is in need of care or rehabilitation.

The State asserts that one of the delinquent acts which the child committed was a felony. The act on which the State relies is the criminal sexual contact. This contention disregards the proceedings in the Children's Court. Criminal sexual contact may be either a felony or a misdemeanor. See § 30–9–12, supra. At the beginning of the adjudicatory hearing, the Children's Court attorney agreed that the criminal sexual contact charged was a misdemeanor.

██ None of "the acts" by reason of which the child was alleged to be delinquent were felonies. This, however, does not end the matter. In quoting the statute, we emphasized statutory language which distinguishes between "the acts" charged and "an act" which amounts to a felony. If there is evidence of "an act" which constitutes a felony, in the absence of contrary evidence, that evidence sustains a finding that the child is in need of care or rehabilitation, whether or not the felony act was charged in the petition.

In this case the evidence shows two felonies.

██ The evidence shows the child made an unauthorized entry of the residence of the victim, at night, with the intent to commit the offense of criminal sexual penetration. This was the third degree felony of burglary. Section 30–16–3, N.M.S.A. 1978. After entering, he attempted to commit, at the least, the crime of criminal sexual penetration in the third degree. This attempt was a fourth degree felony. Section 30–28–1, N.M.S.A.1978.

There being no evidence to the contrary, the evidence of either of the felonies sustains the finding that the child was in need of care and rehabilitation.

*Disposition*

The dispositional part of the judgment reads:

IT IS THE FURTHER ORDER OF THE COURT that John Doe be committed to the New Mexico Boy's School at Springer, New Mexico for a period of two (2) years or until released as provided by law.

IT IS THE FURTHER ORDER OF THE COURT that said commitment be stayed and that said child be committed to the Youth Diagnostic Center at the New Mexico Girl's Welfare Home in Albuquerque, N.M., for a sixty (60) day diagnostic evaluation.

IT IS THE FURTHER ORDER OF THE COURT that upon completion of evaluation, that said child be returned to this Court for final disposition herein.

The child presents two contentions concerning the disposition—absence of a hearing, and length of the commitment.

A dispositional hearing was held. Section 32–1–31(G), N.M.S.A.1978. The transcript shows that a predisposition report had been made to the court by probation services. Section 32–1–32(A), N.M.S.A.1978. At the hearing, the child's attorney stated that he had no evidence to present. However, a diagnostic evaluation was requested and the court ordered such an evaluation. See § 32–1–32(D), N.M.S.A.1978. After the evaluation, the judgment provided for a "final disposition".

Upon receipt of the evaluation, the court entered the following order:

1. JOHN DOE was heretofore committed to the New Mexico Boys' School with commitment stayed pending receipt of a diagnostic evaluation from the Youth Diagnostic Center.

2. The Youth Diagnostic Center has recommended his commitment, in which recommendation the Court concurs.

IT IS THEREFORE ORDERED that commitment to the New Mexico Boys' School issue, and  .  .  .  .

**210**

■ There was no hearing prior to entry of the foregoing order. This absence of hearing was contrary to § 32–1–27(J), N.M.S.A.1978, which gave the child a right to be heard concerning the diagnostic evaluation. *State v. Doe*, 90 N.M. 404, 564 P.2d 207 (Ct.App.1977). See also Children's Court Rule 49(a).

■ The commitment to the Boys' School for two years was improper under § 32–1–38(A), N.M.S.A.1978. *State v. Doe*, 92 N.M. 109, 583 P.2d 473 (Ct.App.1978); see *State v. Doe*, 92 N.M. 100, 583 P.2d 464 (1978).

That part of the judgment of the Children's Court, finding the child to be delinquent and in need of care and rehabilitation, is affirmed. The dispositional part of the judgment is reversed. The cause is remanded for a "final disposition" hearing.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.