619 P.2d 194

STATE of New Mexico, Plaintiff–Appellant,

v.

John DOE and John Doe, Defendants–Appellees.

Nos. 4688, 4689.

Court of Appeals of New Mexico.

Oct. 16, 1980.

Jeff Bingaman, Atty. Gen., Frank A. Murray, Asst. Atty. Gen., Santa Fe, for plaintiff–appellant.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Appellate Defender, Santa Fe, Raul Sedillo, Trial Counsel, Belen, for defendants–appellees.

## OPINION

WOOD, Chief Judge.

This is a consolidated appeal of two children's court cases. We discuss (1) the children's court's dispositional authority; (2) the validity of the judgment on which the disposition was based; and (3) procedural matters.

*Dispositional Authority*

In both cases the State appealed judgments of the children's court which "sentenced" the child to the New Mexico Boys' School for a specified period of time. In

Cause No. 4688 the "sentence" was for four months. In Cause No. 4689 the "sentence" was for two months.

 The briefs discuss whether the State or the Corrections Department is the proper party on appeal. This discussion is in terms of who should be considered "aggrieved" by the dispositions entered by the children's court. The State is aggrieved by a disposition contrary to law and may properly challenge such a disposition on appeal. Section 32–1–39(A), N.M.S.A. 1978; *State v. Doe*, 92 N.M. 354, 588 P.2d 555 (Ct.App. 1978). Having been committed to the Boys' School, a facility of the Corrections Department, and the Corrections Department having been permitted to intervene, that department is also aggrieved by a disposition contrary to law. Thus, in this case, the Corrections Department is also a proper party. The juvenile parole board was also permitted to intervene and, in this case, it also was a proper party to challenge a disposition contrary to law. See *State v. Doe*, 90 N.M. 572, 566 P.2d 121 (Ct.App.1977).

As to the merits of the dispositions, all parties agree that the disposition's were contrary to law. We agree.

A delinquent child is one who has committed a delinquent act and who is in need of care or rehabilitation. Section 32–1–3(*O*), N.M.S.A. 1978 (Cum.Supp.1980). If a child is delinquent, the child may be transferred to the custody of an agency responsible for the care and rehabilitation of delinquent children. Section 32–1–34(B)(2), N.M.S.A. 1978. The Boys' School is such an agency. *In re Doe*, 85 N.M. 691, 516 P.2d 201 (Ct.App.1973).

 The dispositions in both cases provided that the child be "transported" to the Boys' School "and be placed there for a period provided by law." This language necessarily means a transfer of legal custody to the Boys' School. Upon this transfer, the children's court's jurisdiction ended. Section 32–1–12(C), N.M.S.A. 1978; *In re Doe*, supra.

We are not concerned in this case with a modification of a judgment or an extension of a judgment. See § 32–1–38(E, F, G, and H), N.M.S.A. 1978 (Cum.Supp.1980). Nor are we concerned with a judgment vesting legal custody in an individual. Section 32–1–38(B), supra.

The applicable statutory provision is § 32–1–38(A), supra, which reads:

A. A judgment vesting legal custody of a child in an agency shall remain in force for an indeterminate period not exceeding two years from the date entered, except that not more than one year in an institution for the housing of delinquent children may be authorized without further order of the court, and except that a judgment transferring legal custody of an adjudicated delinquent child to an agency responsible for the care and rehabilitation of delinquent children divests the court of jurisdiction at the time of transfer of custody in accordance with Section 32–1–12 N.M.S.A. 1978, and:

(1) the juvenile parole board pursuant to the Juvenile Parole Board Act [32–2–1 to 32–2–9 N.M.S.A. 1978] has the exclusive power to parole or release the child; and

(2) the supervision of a child after release under Paragraph (1) of this subsection may be conducted by the juvenile parole board in conjunction with the adult probation and parole division of the corrections department [field services bureau of the corrections division], or any other suitable state agency, or under any contractual arrangements the juvenile parole board deems appropriate.

 Under this statute the judgment was to be for an *indeterminate* period, subject to specified time limits. The only language suggesting a determinate period for time to be spent at the Boys' School is the language "not more than one year . . . may be authorized". This language must, however, be considered in connection with the fact that the transfer is to the Boys' School for "an indeterminate period" and the fact that the exclusive power to parole or release is in the parole board. The "not more than one year" language, considered in context, does not authorize the children's court

to transfer custody to the Boys' School for specified terms of less than one year. The children's court had no authority to impose the two and the four–month "sentences". Those sentences, being unauthorized by law, are void. *Sneed v. Cox,* 74 N.M. 659, 397 P.2d 308 (1964); *State v. Peters,* 69 N.M. 302, 366 P.2d 148 (1961).

### The Validity of the Underlying Judgment

The children contend that the children's court had no authority to transfer their custody to the Boys' School because the school is an institution for the care and rehabilitation of delinquent children. This claim is based on § 32–1–34(D), supra, which provides that unless the child is found to be delinquent "the child shall not be confined in an institution established for the care and rehabilitation of delinquent children." Each of the children points out the absence of an adjudication of delinquency.

An order entered in connection with the initial petition in Cause No. 4688 found the child had committed the offense of "Paint Sniffing". We refer to this "offense" in more detail in discussing procedural matters. This order also found that the child was in need of supervision, care and rehabilitation, and that the paint sniffing was a violation of Children's Code provisions pertaining to a child in need of supervision. Whatever the intention of the children's court, this order cannot be read as a finding that the child was delinquent, only that the child was in need of supervision. Under this order, the child could not be transferred to an institution entrusted with the care of delinquent children. Section 32–1–34(C)(2), supra.

The record in Cause No. 4688 does not show that the child was placed on probation, only that he was transferred to the custody of the Department of Human Services. Nevertheless, the children's court attorney filed a petition to revoke probation and the order to "transport" the child to the Boys' School was entered in connection with a violation of probation.

Section 32–1–43, N.M.S.A. 1978 states: "If a child is found to have violated a term of his probation . . . the court may extend the period of probation . . . or make any other judgment or disposition that would have been appropriate in the original disposition of the case." Inasmuch as a transfer to the Boys' School was not authorized in connection with the original disposition of a child in need of supervision, it was not authorized in connection with a revocation of probation assuming that, in fact, there was any probation in connection with the original disposition.

The record in Cause No. 4688 shows that the transfer of the child to the Boys' School was a violation of statutory requirements.

Cause No. 4689 involves the disposition of the initial petition. The child was to be "transported" to the Boys' School on the basis that he committed a delinquent act. There is no finding that the child was in need of care or rehabilitation; such a finding is required in order to adjudicate a child to be a delinquent. *Doe v. State,* 92 N.M. 74, 582 P.2d 1287 (1978); *State v. Doe,* 93 N.M. 206, 598 P.2d 1166 (Ct.App.1979).

The record in Cause No. 4689 shows the transfer of the child to the Boys' School was in violation of statutory requirements.

The State has two responses.

First, the State asserts that we cannot consider the absence of an adjudication of delinquency because the matter is raised for the first time on appeal. We disagree. The matter is jurisdictional; we use jurisdiction in the sense of power or authority to decide the matter. *Heckathorn v. Heckathorn,* 77 N.M. 369, 423 P.2d 410 (1967). The children's court did not have power to transfer a child to the Boys' School when that child was not found to be a delinquent, but found to be in need of supervision. The children's court did not have power to transfer a child to the Boys' School when the child was not found to be in need of care or rehabilitation. Jurisdictional questions may be raised for the first time on appeal. Rule of Crim.App.Proc. 308; see *State v. Linam,* 90 N.M. 729, 568 P.2d 255 (Ct.App.1977).

Second, the State asserts that any jurisdictional defect was cured by a stipulation. Setting aside the question of whether parties can, by agreement, confer power upon the children's court to decide the matter and setting aside the question of whether the unsigned document in each record was in fact a stipulation, we examine the contents of the stipulation.

The so–called stipulation provided, in each case, that:

1. The juvenile had violated the Juvenile Code by identified acts.

2. "It is further agreed that this matter should now proceed to hearing solely on the question of disposition."

 We assume, but do not decide, that the child, his parents, and his attorney, intended to waive both evidence and hearing on the question of care and rehabilitation. Such a stipulation has no effect in Cause No. 4688 because, in that case, the child was found to be in need of supervision. Under such a finding the child could not be transferred to the Boys' School. The invalidity is an unauthorized disposition. A stipulation to a dispositional hearing has no bearing on an unauthorized disposition.

In Cause No. 4689 the child was charged with and was found to have committed a delinquent act. If found to be in need of care or rehabilitation, a transfer to the Boys' School was authorized. Accordingly, the effect of the stipulation must be considered in Cause No. 4689.

 We consider the stipulation as an admission that the child was in need of care or rehabilitation. Children's Court Rule 44(d) states that the court shall not enter a judgment upon an admission without making an inquiry that there was a factual basis for the admission. The record is silent as to whether there was such an inquiry. Assuming there was, the requisite finding still must be made. Section 32–1–31(E) and (F), N.M.S.A. 1978 requires a finding on the need for care and rehabilitation. Children's Court Rule 50 requires the judgment to

reflect such a finding. The requisite finding is missing in Cause No. 4689.

The order, in each case, for the "transport" of the child to the Boys' School was beyond the power or authority of the children's court, and each order is a nullity. *Heckathorn v. Heckathorn,* supra.

*Procedural Matters*

The record in each of the cases is replete with ambiguities. Examples are:

1. In the original disposition in Cause No. 4688, the child was found to have committed the offense of "Paint Sniffing". In the order revoking probation, the child was found to have committed "Paint Sniffing, an offense applicable only to children . . . ." No statutory reference is given in either order. Children's Court Rule 22(b)(2) states the petition shall set forth "the criminal statute, other law or ordinance, if any, alleged to have been violated[.]" Neither the original petition nor the petition to revoke probation gave a statutory reference. It may be that the paint sniffing charge and findings were intended to refer to § 30–29–2, N.M.S.A. 1978, but this cannot be determined from the record. Further, § 30–29–2, supra, is not limited to children.

2. In Cause No. 4689 the child was found to have committed an offense, but we cannot tell the basis of the finding. One order states that the child admitted the charges, another order recites that the court heard the evidence.

3. In both cases, after findings as to an offense or a purported offense, the court concluded that the child violated "Section 9–A of the Children's Code." We assume that this refers to § 32–1–9, N.M.S.A. 1978, enacted as Laws 1972, ch. 97, § 9. A child cannot "violate" this section, it deals with the jurisdiction of the children's court.

4. The record in both cases consists almost entirely of forms. The forms used are not the forms approved for use by the Supreme Court, which appear in Judicial Pamphlet 4, N.M.S.A. 1978 (Repl.1980) immediately after the Children's Court Rules. Some of the problems in this case would not

have arisen if approved forms had been used.

5. Inasmuch as we cannot determine from the record, no transcript having been filed in either case, whether jeopardy attached, the question of whether the children should be discharged, or whether there may be further proceedings, must be determined in the children's court.

The orders, in each case, transferring the children to the Boys' School are reversed.

Both cases are remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

HERNANDEZ and WALTERS, JJ., concur.