588 P.2d 555

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**John DOE, Defendant-Appellee.**

**No. 3710.**

Court of Appeals of New Mexico.

Dec. 5, 1978.

Writ of Certiorari Denied Jan. 4, 1979.

Toney Anaya, Attorney General, Charlotte Hetherington Roosen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

J. Kent Cooper, Gary M. Jeffreys, P. C., Deming, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

After the district attorney refused to provide information requested by the Children's Court in connection with a proposed consent decree and after considering a proposed juvenile agreement, the court dismissed the petition for delinquency. The State appealed. We affirm, discussing (1) the district attorney's refusal, (2) right to appeal, (3) the proposed consent decree, (4) court's authority to dismiss, and (5) propriety of the dismissal. References to the Children's Court rules are to the rules effective November 1, 1978.

A petition was filed charging that the child was delinquent and in need of care or rehabilitation. The alleged factual basis was misdemeanor aggravated battery. See § 40A–3–5(B), N.M.S.A.1953 (2d Repl. Vol. 6).

On May 30, 1978 at the child's first appearance, the child denied the allegations of the petition. A proposed consent decree

was presented to the court. This proposal consisted of: (a) a motion for a consent decree signed by the Children's Court attorney, the juvenile probation officer, the child and the child's attorney, and (b) a juvenile agreement signed by the juvenile probation officer, the child and the child's parents. In addition, there was a form of consent decree which would have required the child to obey the terms and conditions of the juvenile agreement.

The proposed juvenile agreement was, primarily, a probation agreement. In reviewing the probation agreement, the court pointed out that the agreement would require the child to "comply with all regulation's [sic] set by the Childrens Court." The court commented: "I do not know the child and do not know what regulations . . . would be appropriate." The court remarked that the information presented to the court was incomplete. The court asked for a pre-disposition report and continued the hearing until additional information could be supplied.

The continued hearing was held on June 8, 1978. At that hearing the court pointed out that the pre-disposition report showed the child had been arrested in November, 1977 on a complaint of possession of stolen property. The court remarked that it had asked the juvenile probation officer for information concerning the stolen property matter, and the probation officer had reported that the district attorney had refused to furnish the information. At the continued hearing, the Children's Court attorney stated that the district attorney still refused to supply information to the court concerning the stolen property matter. The court's order reads:

> [I]t appearing to the Court that the District Attorney's Office had refused to furnish information about the child for the Court's use in this matter, and it further appearing from the Juvenile Agreement that the child was not in need of care of [sic] supervision . . . .
>
> IT IS, THEREFORE, ORDERED that the Motion for Consent Decree be and it hereby is denied; and

IT IS FURTHER ORDERED that conditioned upon restitution being made as stated, the cause be and it hereby is dismissed.

The restitution, stated in the proposed juvenile agreement, was for $142.50 for medical expenses, presumably the cost of medical services to the victim. On appeal, the State asserts the court had no authority to condition dismissal upon restitution. We do not consider this contention because the child makes no complaint concerning the restitution provision.

*District Attorney's Refusal*

The Children's Court attorney stated the district attorney's position as follows: The child was arrested for receiving stolen property; further investigation revealed an adult had been responsible; the child "was offered total immunity from any prosecution, no record, no nothing, in exchange for his testimony in the prosecution of the adult. He cooperated fully, testified. The matter went to a conclusion and on that basis . . . [the district attorney's] position is that nothing associated with that should be used against" the child. The district attorney seemed to be of the view that making the information available to the court would be a use of the information against the child but, regardless of any such use, supplying the information to the court would violate the district attorney's agreement with the child and "would jeopardize agreements with other potential witnesses later on in other cases".

The propriety of the district attorney's refusal is not an issue in this appeal; rather, the issue involves the consequences of the refusal. However, we point out: (a) immunity is not granted by the district attorney but by the court, *Campos v. State*, 91 N.M. 745, 580 P.2d 966 (1978); (b) prosecutors' agreements are enforced on due process grounds, *State v. Gabaldon*, (N.M. Ct.App.) 585 P.2d 1352 decided September 26, 1978, cert. denied N.M., 586 P.2d 1089 (1978); (c) upon failure to obey a discovery order, the court may enter such order as is appropriate under the circumstances, Rule

of Crim.Proc. 30; and (d) dismissal may be an appropriate order, see *Pizza Hut of Santa Fe, Inc. v. Branch*, 89 N.M. 325, 552 P.2d 227 (Ct.App.1976); *Beverly v. Conquistadores, Inc.*, 88 N.M. 119, 537 P.2d 1015 (Ct. App.1975). Concerning nondisclosure of an informer, Evidence Rule 510 authorizes the trial court to dismiss the charges to which the non-disclosed testimony would relate.

*Right to Appeal*

■ The appeal is by the State. It had a right to appeal. Appeals from dispositions on petitions alleging delinquency are governed by the Rules of Appellate Procedure for Criminal Cases. Children's Court Rule 50(c). N.M.Crim.App. 201(a) provides for appeals "permitted by law".' Section 13–14–36(A), N.M.S.A.1953 (Repl. Vol. 3, pt. 1) states that any party may appeal from a judgment in the manner provided by law. See *State v. Doe*, 90 N.M. 572, 566 P.2d 121 (Ct.App.1977). The State is a party. Children's Court Rule 9(a).

*Proposed Consent Decree*

Children's Court Rule 44(a) reads:

(a) *Admissions.* The respondent may make an admission by:

(1) admitting sufficient facts to permit a finding that the allegations of the petition are true; or

(2) declaring his intention not to contest the allegations in the petition.

Children's Court Rule 44(b) states: "A consent decree is an order of the court, after an admission has been made, that suspends the proceedings on the petition".

■ The child made no admission under Children's Court Rule 44(a)(1); he denied the allegations of the petition. The only statement by the child, or on his behalf, in connection with the proposed consent decree, is found in the motion for a consent decree signed by the child and his attorney. The motion stated "the child does not object to the entrance of a Consent Decree." We consider this statement as declaring the child's intention not to contest the allegations in the petition and, thus, an admission

under Children's Court Rule 44(a)(2) sufficient to authorize a consent decree under Children's Court Rule 44(b).

■ Children's Court Rule 44(f) authorizes the court to do one of three things: (a) accept the proposed consent decree as negotiated, (b) provide for a disposition more favorable to the child, or (c) reject the proposed consent decree. The State contends that the trial court's request for information about the stolen property matter was a "demand for disclosure" and "was an act outside its authority and had no legal effect." Compare *Eller v. State*, 92 N.M. 52, 582 P. 824 (1978).

There are two reasons why the court's request for information was not a violation of Children's Court Rule 44(f).

First, the court could properly call for information in deciding whether to accept or reject the consent decree or provide for a more favorable disposition of the child. Although § 13–14–29, N.M.S.A.1953 (Repl. Vol. 3, pt. 1) does not expressly refer to pre-disposition reports in connection with consent decrees, the import of that section is that pre-disposition reports are relevant in deciding an "appropriate disposition of the case." Calling for information on the child's background is also consistent with the legislative purpose of providing a "program of supervision, care and rehabilitation". Section 13–14–2(B), N.M.S.A.1953 (Repl. Vol. 3, pt. 1).

Second, the State's argument is necessarily based on the view that the court was considering action not authorized by Children's Court Rule 44(f). This view is incorrect. The transcript shows the court was considering the provision of the juvenile agreement which would have required the child to "comply with all regulation's [sic] set by the Childrens Court." The proposed consent decree required the child to obey such regulations. The court remarked: "I do not know the child and do not know what regulations . . . would be appropriate." After this remark, the trial court called for a pre-disposition report and then learned of the district attorney's refusal to provide the requested information.

358

Since the court was seeking to determine what, if any, restrictions would be appropriate as to the child, the court's request was consistent with the proposed consent decree and was consistent with the action of the court authorized by Children's Court Rule 44(f).

### Court's Authority to Dismiss

■ The State contends the court had no authority to dismiss the petition. We have previously pointed out that the court has authority to dismiss a case for failure to obey a discovery order. This authority exists in Children's Court cases as well as in other proceedings.

The State's contention is based on the view that the court may not dismiss a Children's Court petition absent a statutory grant of authority to dismiss. See *State v. Madrigal*, 85 N.M. 496, 513 P.2d 1278 (Ct. App.1973). This statutory power argument is presented as separate from, and overlooks, the authority of the district court (of which the Children's Court is a division, § 13–14–3(C), N.M.S.A.1953 (Repl. Vol. 3, pt. 1)) to dismiss for noncompliance with its order.

■ Section 13–14–28(E), N.M.S.A.1953 (Repl. Vol. 3, pt. 1) provides:

> If the court finds that a child alleged to be delinquent or in need of supervision is not in need of care or rehabilitation, it shall dismiss the petition and order the child released from any detention or legal custody imposed in the proceedings.

This action is authority for that portion of the court's order which dismissed the petition on the basis that the child was not in need of care or supervision.

### Propriety of the Dismissal

■ The court dismissed the petition for two reasons—the refusal of the district attorney's office to furnish information and on the basis that the child was not in need of care or supervision. If either reason was correct, the dismissal was proper. See *State v. Ross*, 86 N.M. 212, 521 P.2d 1161 (Ct.App.1974). Here, both reasons for dismissal were correct.

The district attorney had refused to provide information requested by the court in connection with the stolen property matter. This information was relevant to whether the consent decree should be approved and was relevant to the child's need for care or supervision. The district attorney's position was that the information would not be provided. In view of this position, the court was not required to reject the proposed consent decree, conduct an adjudicatory hearing, determine that the child was delinquent, and then take up the question of the child's need for care or supervision. See Children's Court Rule 44(f), supra, and *Doe v. State*, 92 N.M. 74, 582 P.2d 1287 (1978). Knowing that relevant information would not be provided, the court could properly dismiss on the basis of the refusal to disclose.

Nor was the court required to go through the procedural steps stated in the preceding paragraph before dismissing on the basis that the child was not in need of care or supervision. The juvenile agreement, in effect, provided for an unsupervised probation. The child was to reside with an uncle in California and report by mail, each week, to the probation officer in Deming, New Mexico. There are other terms such as allowing visits by the probation officer and complying with regulations set by the probation office in California, but the effect of the agreement, essentially, was an unsupervised probation. The Children's Court attorney represented to the court that these provisions were acceptable to the probation officer.

The record supports the court's ruling that it appeared "from the Juvenile Agreement that the child was not in need of care of [sic] supervision". The State's claim is that there is no substantial evidence to sustain dismissal on this ground; the juvenile agreement is substantial evidence. The State does not contend that it was denied the opportunity to present additional evidence on the child's need for care or supervision; that issue is not before us. When the State's representatives took the position that an appropriate disposition was that the

child be placed on unsupervised probation, the trial court could properly rule that the child was not in need of care or supervision and dismiss the petition.

The order of dismissal is affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.