2002-NMCA-063

48 P.3d 87

### In the Matter of CRYSTAL L., A Child, Child–Appellant.

### No. 22,200.

Court of Appeals of New Mexico.

April 17, 2002.

Certiorari Denied, No. 27,512, June 3, 2002.

**350**

Patricia A. Madrid, Attorney General, Katherine Zinn, Assistant Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Susan Roth Assistant, Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

KENNEDY, Judge.

{1} Crystal L. (Child) was accused of various delinquent acts in a petition filed in the children's court. She demanded a jury, went to trial, and was found to be delinquent. Child now appeals the children's court's order declining her request for a consent decree after the jury's verdict had been rendered, and finding that option to be unavailable to her as a matter of law. This is a matter of first impression in New Mexico. We hold that NMSA 1978 § 32A–2–22(A) (1995) does not allow the children's court to enter a consent decree when the juvenile has already gone to trial and been adjudicated to

be a delinquent. Child also argues that she should have been afforded a new trial because of prosecutorial misconduct, and because the court below allowed testimony offered by a neighbor concerning the nature of a restraining order between Child's family and the neighbor's. We hold that the children's court did not abuse its discretion in addressing the prosecutor's statements, and that in the absence of Child's objection to the neighbor's testimony there is no basis to address them. Consequently, we affirm the children's court in all respects.

## PROCEDURAL HISTORY AND BACKGROUND

{2} Child was arrested and charged with the delinquent acts of battery upon a peace officer and resisting arrest. A neighbor had complained that children had thrown rocks at her house. An officer was called to the scene. During her trial, Child defended her actions explaining that she was defending her cousin from being manhandled by the investigating police officer.

{3} At trial, Child objected to the prosecutor's conduct twice. The first time was during voir dire when the prosecutor asked the jury if they were familiar with the television show "Cops" that occasionally shows patrolmen going out on otherwise routine calls that can change to become violent and dangerous. The prosecutor brought the case home to Rio Arriba County, mentioning a case where an officer had gone out on a prowler call and was shot in the head. This drew an objection from defense counsel that was sustained.

{4} In closing argument, the prosecutor commented on the court's giving an instruction on resisting arrest as a lesser included offense of battery on a police officer indicating that the court's ruling was confusing and possibly contrary to law. Child did not object.

{5} During the trial, the complaining neighbor was testifying about a mutual restraining order that Child's family had initiated against the neighbor. Child objected to a leading question asked of the neighbor. She now objects to the neighbor's testimony about the mutuality of the order as testimony about a "legal conclusion."

{6} At the close of trial, the jury found Child guilty on both counts. Following trial, Child requested that the court enter a consent decree. This request was opposed by the State and denied by the children's court who stated that it believed applicable law precluded the entry of a consent decree after the case has been adjudicated. Child timely filed her appeal.

## DISCUSSION

### Standard of Review

{7} The ability of the children's court to enter a consent decree under applicable law is a legal question which is reviewed de novo. *State v. Carlos A.*, 122 N.M. 241, 243, 923 P.2d 608, 610 (Ct.App.1996). The decision to do so is reviewed for abuse of the trial court's discretion. *See* NMSA 1978, § 32A–2–22; *In re Melissa G.*, 2001–NMCA–071, ¶ 25, 130 N.M. 781, 32 P.3d 790. Issues concerning the court's regulation of attorney conduct during trial, and the admission of evidence are reviewed for abuse of discretion. *State v. Allen*, 2000–NMSC–002, ¶ 95, 128 N.M. 482, 994 P.2d 728; *State v. Stanley*, 2001–NMSC–037, ¶ 5, 131 N.M. 368, 37 P.3d 85.

### Consent Decree

{8} Consent decrees exist as an alternative to adjudication of delinquency in the juvenile justice system. The existence of consent decrees as an adjudicative option in the children's court is established by statute. NMSA 1978, § 32A–2–22(A) (1995) provides:

A. At any time after the filing of a delinquency petition and before the entry of a judgment, the court may, on motion of the children's court attorney or that of counsel for the child, suspend the proceedings and continue the child under supervision in the child's own home under terms and conditions negotiated with probation services and agreed to by all the parties affected. The court's order continuing the child under supervision under this section shall be known as a "consent decree."

{9} A consent decree is "an order of the court, after an admission has been made, that suspends the proceedings on the peti-

tion." Rule 10–307(B) NMRA 2002; *State v. Doe*, 92 N.M. 354, 357, 588 P.2d 555, 558 (Ct.App.1978). The purpose for a consent decree is to allow a disposition of the case without resorting to the full procedure of the children's court. *See State v. Daniels*, 78 N.M. 768, 769, 438 P.2d 512, 513 (1968) ("once the voluntary plea of guilty is entered by the defendant and accepted by the court, no reason exists to impanel a jury and by such a plea, the defendant sets himself before the trial judge for the final outcome. Such outcome simply is for judgment to be rendered and the sentence to be imposed.").

{10} Accepting a consent decree agreement is entirely within the discretion of the court, *see* Section 32A–2–22(A) and (B), and can only be done if the child makes an admission of guilt. *See* Rule 10–224 NMRA 2002, Committee commentary ("The child must enter [either a plea of guilty or nolo contendere] in order to utilize the consent decree procedure."). *Doe*, 92 N.M. at 357, 588 P.2d at 558 (holding that a child's statement that he did not object to the entrance of a consent decree was sufficient to establish an admission under the Children's Court Rules and thereby authorize a consent decree). In such a case, adjudication of the child's delinquency would be unnecessary.

{11} In this case, Child made no such admission. Instead, Child demanded a jury and went to trial. There was no suspension of proceedings on the petition. Allowing a child to make an admission after a jury's verdict finding the child's commission of a delinquent act beyond a reasonable doubt is senseless. The result of the trial that Child requested was an adjudication of delinquency. Rule 10–230(A) NMRA 2002 states that "[i]f the child is found to have committed a delinquent act, a judgment to that effect shall be entered." Such a finding by the jury limits the authority of the children's court under Rule 10–230 to do nothing other than enter judgment on the verdict. After the court accepted the verdict, the determination of Child's delinquency became conclusive and any tender of an admission would be "irrelevant and moot." *See Daye v. Commonwealth*, 21 Va.App. 688, 467 S.E.2d 287, 289 (1996).

{12} Child now asks us to forget that she did not admit her delinquency, and impose upon the court a disposition which she spurned. We will not do so. We disagree with Child's assertion on appeal that she is somehow being penalized for going to trial. Even if Child did not go to trial, she had no right to have her admission accepted, and the court had no duty to accept her admission. *See State v. Doe*, 91 N.M. 506, 509–10, 576 P.2d 1137, 1140–41 (Ct.App.1978) (holding that neither the Children's Code nor the Children's Court Rules require the judge to accept a child's admission, nor does a child have a constitutional right to have his admission accepted).

{13} There is no reason for us to compel the children's court to accept Child's proposed consent decree. The court has no obligation to accept a consent decree when one might be requested. *See* Section 32A–2–22(A) and (B). Entry of a consent decree precludes any adjudicatory hearing in the case. *See* Rule 10–225(A) and (C) NMRA 2002. In this case, the adjudicatory phase was already complete. Child requested the consent decree too late. By the time she asked for a consent decree, all that remained was for the appropriate judgment to be entered by the court.

{14} Child submitted supplemental authority indicating a proposed amendment to Rule 10–225 that will allow the entry of a consent decree "after a child has been adjudicated as a delinquent." State Bar Bulletin, Vol. 41, No. 8 at 22 (February 21, 2002). Seeking to avoid our holding that this proposed amendment is (a) not yet adopted and (b) is not retroactive in application, *see id.*, Child seeks to have us hold that the change is but a "clarification" of the rule as opposed to a "modification" and interpret the current rule as if the amendment existed now. *See State v. Barnett*, 147 N.H. 334, 789 A.2d 629, 633–634 (2001). We will not do so. The proposed amendment is a substantive change, adding an entire option heretofore unavailable under our present Children's Court Rules.

{15} We hold in this case that a child who goes to trial and is adjudicated to have committed delinquent acts cannot avail

himself or herself of a consent decree after the court or jury has entered a verdict. To the extent that other courts have entered consent decrees after trials where juveniles had been adjudicated guilty of delinquent offenses, those courts were wrong. A consent decree is available only following the child's admission of culpability and before an adjudication finding the commission of a delinquent offense that would render giving an admission moot. Furthermore, even if such a disposition were allowed by law, the acceptance and entry of a consent decree is within discretion of the children's court. The court did not abuse its discretion in denying Child's motion to enter a consent decree after an adjudicatory proceeding resulting in a verdict against her.

## Prosecutorial Misconduct

{16} During voir dire, in discussing the television show "Cops" and the way simple police calls can get out of hand, the prosecutor said "[t]hat is a little bit like what this case is going to be like. We don't have an officer that who was shot in the head, thank God, but we do have an ... He's connected with the Santa Fe Sheriff's Office." At the time the comment was made, someone in the courtroom (possibly on the jury panel) immediately corrected the prosecutor, who had her facts wrong. The court also promptly informed the prosecutor that the comment was inappropriate and would cause prejudice to the jury. The court denied the defense's requests for both a curative instruction and a mistrial at a bench conference.

{17} Any potential prejudice arising from the prosecutor's comments in voir dire concerning the shooting of the peace officer in the head may have been contemporaneously cured by the unidentified male voice on the tape correcting the prosecutor as to the circumstances of that shooting, which led to the judge asking counsel to the bench. It was at this point that defense counsel objected and asked for a curative instruction. The court admonished the prosecutor, and proceeded. The prosecutor's behavior was inappropriate, see State v. Gonzales, 105 N.M. 238, 242, 731 P.2d 381, 385 (Ct.App.1986) ("The prosecutor

may not compare defendant to other wrongdoers not involved in the case."); State v. Ashley, 1997–NMSC–049, ¶ 15, 124 N.M. 1, 946 P.2d 205 (holding that prosecutor may not make comments intended to inflame the passions and prejudices of the jury), but Child fails to demonstrate that the prosecutor's comment caused any likelihood of prejudice so as to deprive her of a fair trial. Likewise, Child fails to demonstrate that the children's court, in addressing the problem, abused its discretion resulting in prejudicial impact on the jury's decision-making process so as to deprive Child of a fair trial. See State v. Duffy, 1998–NMSC–014, ¶¶ 46–51, 126 N.M. 132, 967 P.2d 807 (denying defendant's request for a new trial due to prosecutorial misconduct because he failed to show prejudice).

{18} Prior to closing argument, the court decided to give an instruction on resisting arrest as a lesser included offense of battery upon a peace officer. As a result, the jury was properly instructed to enter a verdict as to only one of these charges. During closing argument, however, the prosecutor began commenting on this instruction, initially saying "I'm expected to follow the law as the judge informs us what the law is, even if I, maybe if I don't fully agree or understand, so I want to go over this with you." She discussed the charges, and then stated "[t]hat seems confusing to me." Upon objection, the court told the prosecutor that this was an impermissible personal argument. Defense counsel did not request a curative instruction or other remedy.

{19} We agree that the prosecutor should not have voiced her personal opinion to the jury that the court's instruction on the law was confusing or wrong, or that she disagreed with the court's interpretation of the law. See Gonzales, 105 N.M. at 242, 731 P.2d at 385 (stating that the prosecution invades the province of the court when it instructs on the law and that the prosecutor may not make arguments concerning the penalty for an offense); State v. Baca, 1997–NMSC–045, ¶ 42, 124 N.M. 55, 946 P.2d 1066 ("A prosecutor's summation which misstates the law invades the province of the court."). However, Child objected, and the court sus-

tained the objection. The defense obtained the relief they sought, and did not ask for more. We therefore deny Child's claim of error and conclude that while the prosecutor should have avoided such tactics, absent a showing of substantial prejudice to Child's rights, no relief is called for.

### Neighbor's Testimony

 {20} The putative victim of the rock throwing testified to the nature of a restraining order between Child's family and her family. Child objected to a leading question that was asked of the witness at the time. She now objects to the answer, saying that the witness testified to a "legal conclusion." Child failed to object to the testimony offered by the neighbor concerning the restraining order after her objection to the leading question eliciting the evidence was overruled. Defense counsel objected to the question, not the testimony. Child's argument on appeal was therefore not preserved for our review. *See Woolwine v. Furr's Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.App.1987). Furthermore, a witness can testify to the nature of a court order as they may testify to the contents of any other document if it is within their perception. *See* Rule 11–701 NMRA 2002 ("[i]f the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are . . . rationally based on the perception of the witness"). Child argues that the testimony concerning the mutuality of the restraining order misled the finder of fact because the restraining order was first requested by Child's family against the complaining witness. Such a view either asks us to rule that the law, including Rule 11–106 NMRA 2002, does not stand for the proposition that a party can offer evidence of all the contents of a writing to give a true impression of its contents, or rule that presentation of evidence that one side or another did not like is improper. Neither is warranted in this case.

### CONCLUSION

{21} The juvenile offender who fails to admit his or her commission of a delinquent offense prior to trial on the merits cannot later benefit from a consent decree after receiving the trial he or she requested. If the rule were otherwise (and we note that such an expansion of the rule is proposed), the issue still resides within the children's court's discretion in allowing a consent decree to be entered.

{22} Child has failed to demonstrate that the children's court abused its discretion either in the way it dealt with the prosecutor's conduct and comments or that the issue concerning the neighbor's testimony was preserved for our consideration.

{23} For the foregoing reasons, the judgment of the children's court is affirmed.

{24} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and CELIA FOY CASTILLO, Judges.