This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                     **NO. 32,006**

**LAWRENCE P. ZUMWALT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

Defendant appeals his conviction for driving under the influence ("DUI"). We proposed to affirm in a calendar notice, and Defendant has filed a memorandum in

opposition to our calendar notice. We have considered Defendant's arguments but are not persuaded by them. We therefore affirm.

Defendant continues to argue that he received ineffective assistance of counsel. [MIO 12-16] He recognizes that his claims were not developed below, and that he has the burden of establishing ineffective assistance. Accordingly, he asks this Court to remand the case to the district court for a hearing at which the facts necessary to support his claim might be adduced. He maintains that since the case is already before this Court, it would not comport with judicial economy to require him to resort to collateral proceedings. [MIO 15] However, this is not one of those unusual cases in which a remand for a hearing is warranted. *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare."). A remand should be granted only where there is a prima facie showing of ineffective assistance on the record before the appellate court. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517. In this case, as the calendar notice discusses, the facts purporting to establish either trial counsel's subpar performance or the resulting prejudice to Defendant, or both, are not of record. Under those circumstances Defendant's remedy, if any, lies in habeas corpus. *See id.*

Defendant requests that, if this Court decides reversal and remand for an evidentiary hearing is not an appropriate resolution of the appeal, we make it clear our

2

decision has no preclusive effect regarding any future habeas corpus proceedings he may file. The above discussion establishes this: Defendant's claims implicate facts that are not of record at this point, and he must therefore find his remedy, if at all, through the habeas corpus process. This opinion of course cannot have preclusive effect with respect to facts that may be developed in the future during any habeas corpus proceedings Defendant may pursue.

Defendant continues to argue that the recording he offered into evidence was not hearsay and the trial court abused its discretion in excluding the recording. [MIO 16] For the reasons stated in the calendar notice, we disagree.

Defendant also renews his contentions that the prosecutor should not have been allowed to first argue for an aggravated DUI conviction, and then improperly "amend" the charge to simple DUI. [MIO 17-18] As the calendar notice discussed, we do not agree that any amendment of the charge occurred and we find no error in the trial court's action of convicting Defendant of simple DUI, the only charge he actually faced in his appeal to the district court. To the extent Defendant may be arguing that the prosecutor committed misconduct by initially arguing for aggravated DUI rather than simple DUI, we point out Defendant suffered no prejudice as a result. Defendant was not convicted of aggravated DUI and the prosecutor's misplaced argument therefore had no effect on the result of the case. *See, e.g.*, *In re Crystal L.,* 2002-

3

NMCA-063, ¶ 17, 132 N.M. 349, 48 P.3d 87 (prosecutorial misconduct will not lead to reversal in the absence of prejudice to the defendant).

Defendant again maintains there was insufficient evidence to convict him of simple DUI. [MIO 18-19] Our calendar notice discussed this issue in detail, and Defendant's memorandum in opposition does not convince us that the discussion was legally or factually erroneous. Therefore, we find the evidence was sufficient to support the conviction.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's DUI conviction.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES W. WECHSLER, Judge**

_____
**M. MONICA ZAMORA, Judge**