This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                    **No. A-1-CA-35076**

**ALFREDO VILLALOBOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Judge.**

{1}     Defendant Alfredo Villalobos appeals his conviction for second-degree murder. On appeal, Defendant argues that his conviction must be reversed because the State's prosecutor improperly impeached his testimony with his post-arrest silence when he was asked to admit to the jury that he never told police that he and Victim had been in a fight. We find that Defendant did not preserve the issue for appeal and review only for fundamental error. Although we hold that the prosecutor improperly commented on Defendant's post-arrest silence, Defendant did not show that the improper comments constituted fundamental error. We, therefore, affirm his conviction.

**BACKGROUND**

{2}     On June 26, 2012, Defendant stabbed and killed Kenny Parks (Victim) at Defendant's home in Hobbs, New Mexico. That day, Defendant had been drinking at his home with his sister (Daniella), his sister's fiancé (Joshua), and two other friends. Eventually the group decided to seek out drugs and contacted Victim. The group went to Victim's home, smoked methamphetamine, and then returned to Defendant's home with Victim. At Defendant's home, Defendant, Victim, and the rest of the group continued to smoke methamphetamine and drink alcohol. The group gathered in Defendant's bedroom when, according to Defendant's testimony, a physical confrontation for an unknown reason began between Defendant and Victim.

{3}     Although Defendant was unable to recall much detail about the night of June 26, 2012, Defendant testified at trial that Victim was mad and pinned him against a wall. Defendant testified that they wrestled and fought. Defendant then testified that he grabbed a knife that was located in the room, and that he swung the knife at Victim. Victim backed away and Defendant fled the scene.

{4}     The State cross-examined Defendant regarding his failure to tell the police about the alleged altercation with Victim in the following exchange:

> **Q.**     [The prosecutor] And when you were picked up by the police, you were taken to the police station, correct?
>
> **A.**     [Defendant] Yes.
>
> **Q.**     And, of course, you told the police what happened, didn't you?
>
> **A.**     No.
>
> **Q.**     No. You never told the police that this had been a fight?
>
> **A.**     I felt I didn't have no reason to say anything because I didn't think anything happened.
>
> **Q.**     You didn't think anything had happened.

In response to this line of questioning, defense counsel did not immediately object. Approximately three minutes later, a bench conference was held. During this conference, Defendant's attorney objected to the State's previous questions regarding Defendant's post-arrest silence. Although the recording of the bench conference is

3

inaudible, the trial court, on limited remand, reconstructed the record with the assistance of the parties, and found the following:

> At 2:21:56 p.m. on January 27, 2015, Defendant's counsel asked to approach the bench and objected to the questions asked about three minutes earlier by the Assistant District Attorney. The objection was based upon an improper comment by the prosecution on . . . Defendant's right to remain silent. The [c]ourt agreed with the objection.

> . . . Defense counsel does not recall whether or not he specifically requested a mistrial. The [c]ourt and the prosecutor have specific memory that no mistrial was requested. The [c]ourt remembers that inquiry was made as to what relief defense counsel was requesting and defense counsel only asked for cessation of any inquiry regarding Defendant's silence. All parties agree that there was no request for a curative instruction[] and that the jury was not excused to hear a motion for mistrial.

Defendant's silence was not mentioned again at trial.

{5}     At trial, Daniella, Joshua, and Defendant's mother, who had returned home sometime before the alleged altercation, testified that they did not see the fight start, but walked in on the fight. After the fight broke up, and it was clear that Victim was bleeding, Joshua called the police and dragged Victim to the front door of the home. When the police arrived, Joshua told the police that Victim had shown up at the house bleeding. Victim was transported to the hospital and was declared dead shortly after arriving at the hospital.

{6}     At trial, Defendant did not dispute that he had stabbed Victim, but asserted that he had done so in self-defense. The State's theory at trial was that the physical

4

evidence controverted Defendant's self-defense claim. The State elicited testimony that, after the fight, Defendant had no bruises and had only superficial marks. A forensic pathologist testified at trial that Victim had a wound on his hand contemporaneous with his death, but that otherwise there were no injuries on Victim's hands that would suggest that an altercation had taken place. Victim died from two stab wounds—one to the chest and one to the mid-back.

{7}    The jury returned a verdict of guilty of second-degree murder, Defendant was sentenced to fifteen years imprisonment, and Defendant filed this appeal.

**DISCUSSION**

{8}    Defendant argues that the prosecutor improperly impeached his testimony that Victim had attacked him by asking him to admit that he "never" told the police that he and Victim had fought. Defendant asserts that this line of questioning improperly commented on his post-arrest silence. Whether a prosecutor improperly commented on a defendant's post-arrest silence is a legal question that we review de novo. *See State v. Foster*, 1998-NMCA-163, ¶ 8, 126 N.M. 177, 967 P.2d 852. Because we find

that Defendant did not timely object, we review only for fundamental error.[1] *See DeGraff*, 2006-NMSC-011, ¶¶ 12, 16, 21-22.

**I.      Defendant Failed to Preserve the Issue**

**{9}**      "To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked." Rule 12-321(A) NMRA. To fairly invoke a ruling or decision, "it is the responsibility of counsel at trial to elicit a definitive ruling on an objection from the court." *State v. Lucero*, 1993-NMSC-064, ¶ 11, 116 N.M. 450, 863 P.2d 1071. "It is [also] trial counsel's duty to state the objections so that the trial court may rule intelligently on them and so that an appellate court does not have to guess at what was and what was not an issue at trial." *Id.*

**{10}**      In this case, defense counsel objected to the prosecutor's questions relating to Defendant's silence three minutes after the line of questioning was completed and asked only that the inquiry into Defendant's silence cease. Defendant did not ask for a curative instruction or a mistrial.[2] Defendant's belated objection, especially in light

---

[1]Defendant's assertion that plain error review should apply in this case is unavailing. Courts have consistently applied fundamental error review to a defendant's unpreserved claim that the state has improperly commented on defendant's silence. *See State v. McDowell*, 2018-NMSC-008, ¶¶ 7, 18, 411 P.3d 337; *State v. DeGraff*, 2006-NMSC-011, ¶¶ 12, 16, 21-22, 139 N.M. 211, 131 P.3d 61.

[2]In the reconstruction of the record, defense counsel claims he does not recall whether he requested a mistrial during the bench conference; it is undisputed that Defendant did not move for a mistrial later in the proceedings. The bench conference

6

of his failure to ask for a curative instruction or mistrial, is insufficient to preserve the issue for appeal. *See State v. La Madrid*, 1997-NMCA-057, ¶ 5, 123 N.M. 463, 943 P.2d 110 ("[T]he general rule [is] that an untimely objection is an ineffective objection."); *see also In re Crystal L.*, 2002-NMCA-063, ¶ 19, 132 N.M. 349, 48 P.3d 87 (holding that there was no reversible error where defense counsel made an objection but did not request a curative instruction or other remedy). "[I]n the context of a prosecutor's comments on a defendant's right to silence where no timely objection is made, the Court considers only whether the defendant has shown fundamental error." *State v. McDowell*, 2018-NMSC-008, ¶ 18, 411 P.3d 337.

## II.    Fundamental Error Analysis

{11}    As recognized in *McDowell*, "New Mexico courts have long held that a prosecutor is prohibited from commenting on a defendant's right to remain silent, which is protected under *Miranda v. Arizona*, 384 U.S. 436 . . . (1966)." *McDowell*, 2018-NMSC-008, ¶ 4 (explaining the three rationales behind this prohibition); *see also State v. Garcia*, 1994-NMCA-147, ¶ 12, 118 N.M. 773, 887 P.2d 767 (providing that "'it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial'" (quoting *Doyle v. Ohio*, 426 U.S. 610, 618 (1976)). The first step in

lasted less than 50 seconds and matters other than Defendant's silence were discussed. It seems implausible that Defendant moved for a mistrial during this brief conference.

determining whether a violation of this nature occurred requires this Court to determine whether the prosecutor did in fact improperly comment on the Defendant's protected silence. *See DeGraff*, 2006-NMSC-011, ¶ 21. If the Court determines that the prosecutor did so, "we then determine whether the error was fundamental. An error is fundamental if there is a reasonable probability that the error was a significant factor in the jury's deliberations in relation to the rest of the evidence before them." *Id.* (internal quotation marks and citation omitted).

**A.     The State Improperly Commented on Defendant's Silence**

{12}     Defendant invoked his right to remain silent at the time of his arrest and until testifying at trial. In determining whether the prosecutor improperly commented on Defendant's invocation of his right to remain silent, we "consider whether the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the accused's exercise of his or her right to remain silent." *Id.* ¶ 8 (internal quotation marks and citation omitted). "We evaluate the statement in context to determine the manifest intention that prompted the remarks, as well as the natural and necessary impact upon the jury." *Id.* (internal quotation marks and citation omitted). "Where comments by the prosecutor are ambiguous, we consider what inference the jury was asked to draw from the defendant's silence and the propriety of that inference." *Id.* ¶ 9.

8

{13}    In this case, the context and manner of the prosecutor's comments indicate that the prosecutor was asking the jury to infer that Defendant's silence was proof that his claim of self-defense was fabricated. Courts of this State have consistently held that using a defendant's post-arrest silence to impeach an explanation offered at trial is impermissible. *See DeGraff*, 2006-NMSC-011, ¶¶ 8-10 (holding that a prosecutor improperly commented on a defendant's right to remain silent when the prosecutor stated during closing argument that the defendant's explanation of self-defense was not credible because "he did not volunteer it sooner"); *State v. Pacheco*, 2007-NMCA-140, ¶¶ 14, 17, 142 N.M. 773, 170 P.3d 1011 (affirming that it is impermissible for a prosecutor to use a defendant's post-arrest silence to impeach a defendant); *Garcia*, 1994-NMCA-147, ¶ 16 ("*Doyle*[, 426 U.S. at 618,] forbids the use of post-*Miranda* silence to impeach an explanation offered at trial.").

{14}    The State argues that the prosecutor did not improperly comment on Defendant's post-arrest silence because the questions were designed to show that Defendant's trial testimony was inconsistent with earlier statements. We are not persuaded. It is true that the State may impeach a defendant's testimony with his or her prior inconsistent and voluntary statements. *See, e.g.*, *Foster*, 1998-NMCA-163, ¶¶ 17-18 (finding no reversible error when a prosecutor impeached a defendant by comparing a prior statement with the statement the defendant was providing at trial);

*State v. Hennessy*, 1992-NMCA-069, ¶ 18, 114 N.M. 283, 837 P.2d 1366 (providing that "the constitutional bar against the use of silence does not apply to cross-examination which inquires into prior inconsistent statements"), *overruled on other grounds by Lucero*, 1993-NMSC-064, ¶ 13. The record, however, does not indicate that Defendant gave a prior statement in this case. Where, as here, a defendant has provided no prior statement, it is impermissible for the prosecution to comment on a defendant's silence. *See DeGraff*, 2006-NMSC-011, ¶¶ 8-10; *Pacheco*, 2007-NMCA-140, ¶¶ 14, 17; *Garcia*, 1994-NMCA-147, ¶ 16. Additionally, insofar as the State argues that the purpose of the cross-examination was to discredit the other witnesses who supported Defendant's claim of self-defense, this Court has already rejected this justification for commenting on a defendant's post-arrest silence. *See Garcia*, 1994-NMCA-147, ¶ 14 (rejecting the state's argument that it could comment on a defendant's post-arrest silence to impeach his alibi witnesses).

{15}    Because the context and content of the prosecutor's questions demonstrate that the true purpose of her questions was to impermissibly impeach Defendant's credibility with his post-arrest silence, we conclude that the prosecution improperly commented on Defendant's silence.

**B.    The Prosecutor's Comments Did Not Rise to the Level of Fundamental Error**

{16} The Court does not take lightly that it has been clear for many years that "prosecutors who inject impermissible comments on silence into trials will risk reversal by this [C]ourt of convictions secured through such tactics, regardless of whether there is objection." *Hennessy*, 1992-NMCA-069, ¶ 23. Nonetheless, because Defendant failed to make a timely objection, we determine only whether the prosecutor's error was fundamental. "The rule of fundamental error applies only if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." *Lucero*, 1993-NMSC-064, ¶ 12 (internal quotation marks and citation omitted). In assessing fundamental error, this Court "considers only whether the defendant has shown that there is a reasonable probability that the error was a significant factor in the jury's deliberations relative to the other evidence before them." *DeGraff*, 2006-NMSC-011, ¶ 22. It is the Court's responsibility to "evaluate the prejudicial effect of the testimony and the quantum of evidence against [the d]efendant." *McDowell*, 2018-NMSC-008, ¶ 18. "If the prejudicial effect is minimal and the evidence of the defendant's guilt overwhelming, the error does not rise to the level of fundamental error." *Id.*

{17} Defendant argues that the prosecutor's comments on his silence constituted fundamental error because there was ample evidence provided at trial in support of his

11

claim of self-defense and sufficient provocation, and because his credibility was crucial to these claims. Although Defendant testified that he was defending himself during an altercation with Victim, and a number of other witnesses testified that a fight occurred, we are unconvinced that the prosecutor's error was a significant factor in the jury's deliberations. The prosecution provided physical evidence, testimony, and forensic evidence that undermined Defendant's claims of self-defense and sufficient provocation and supported a conviction of second-degree murder. This evidence included: (1) undisputed testimony and physical evidence that Defendant stabbed Victim and fled; (2) testimony that Victim had been stabbed twice; (3) testimony and evidence that Victim died from the stab wounds; (4) testimony that Defendant lacked significant bruising or markings to show that he was in a physical struggle where his life was in danger; (5) forensic evidence that Victim lacked injuries consistent with an altercation with Defendant; (6) testimony that eye witnesses were not credible because of their prior inconsistent statements and their actions following the crime, including dragging Victim to the front porch of the home and telling officers that Victim showed up to the house bleeding; and (7) testimony from Defendant that showed significant gaps in his memory and inconsistencies between his testimony and the physical evidence that undermined his claims of self-defense and sufficient provocation.

{18} The prosecutor's comments were constrained to three questions during Defendant's cross-examination, and the issue was never raised again. In comparison to the overwhelming evidence supporting Defendant's guilt, the prosecutor's comments on Defendant's silence were limited and non-essential to the State's case. Given this, we conclude that the prosecutor's comments were not a significant factor in the jury's deliberations and had minimal prejudicial effect. "In light of the minimal prejudicial effect of the prosecutor's comments, and the overwhelming evidence presented by the prosecution, Defendant has not shown fundamental error." *DeGraff*, 2006-NMSC-011, ¶ 23 (internal quotation marks and citation omitted).

**CONCLUSION**

{19} For the foregoing reasons, we affirm Defendant's conviction.

{20} **IT IS SO ORDERED.**


_____
**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**STEPHEN G. FRENCH, Judge**

13