This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41609**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MELISSA MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jason Lidyard, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Defendant appeals her conviction for aggravated battery against a household member. We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we deny the motion and affirm.

**{2}** We will begin with the motion, by which Defendant seeks to amend the docketing statement in order to advance a claim of prosecutorial misconduct. [MIO 1-2, 12-20] The argument is premised upon a comment in the course of closing, by which the prosecutor suggested that Defendant was less credible than Victim because Victim had taken their son with him when he left the residence, whereas Defendant had taken no steps to ensure the child's wellbeing. [BIC 11, 15] Defense counsel objected on grounds that the comment was a ploy to garner sympathy for Victim, and also on grounds that any conduct relative to the child was irrelevant. [BIC 11, 15] The district court sustained the objection and instructed the State to move on. [BIC 11-12] On appeal, Defendant contends that this was inadequate. [BIC 12-20] However, Defendant neither moved for a mistrial nor requested a curative instruction below. [BIC 11-12] We therefore conclude that the issue presents no viable basis for relief on appeal. *See State v. Collins*, 2005-NMCA-044, ¶¶ 42-43, 137 N.M. 353, 110 P.3d 1090 (rejecting a claim of prosecutorial misconduct based upon a comment on the evidence, where the defense objection was promptly sustained and any potential prejudice was addressed; and further observing that "even assuming there were prejudice . . . there was no *sua sponte* duty on the part of the court to take any further action"), *overruled on other grounds by State v. Willie*, 2009-NMSC-037, ¶ 18, 146 N.M. 481, 212 P.3d 369; *In re Crystal L.*, 2002-NMCA-063, ¶ 19, 132 N.M. 349, 48 P.3d 87 (concluding that the appellant was not entitled to relief based upon a claim of prosecutorial misconduct, where the district court sustained the appellant's objection to improper comments during closing argument, and the appellant requested no further relief); *see also State v. Salas*, 2017-NMCA-057, ¶ 29, 400 P.3d 251 ("A district court does not err by refusing to give a curative instruction in the absence of such a request."); *State v. Sandoval*, 1975-NMCA-096, ¶ 4, 88 N.M. 267, 539 P.2d 1029 (holding that it is the duty of the complaining party to request a curative instruction). We therefore deny the motion to amend the docketing statement. *See, e.g.*, *State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (indicating that where an issue is not viable, a motion to amend the docketing statement will be denied).

**{3}** We turn next to the issue originally identified in the docketing statement and renewed in the memorandum in opposition, by which Defendant advances a *Brady* claim, based upon the State's failure to disclose reports of prior domestic violence between Defendant and Victim. [MIO 20-25] As we observed in the notice of proposed summary disposition, [CN 2] Defendant's failure to preserve this issue is problematic. *See State v. Stevenson*, 2020-NMCA-005, ¶ 15, 455 P.3d 890 (declining to address an unpreserved *Brady* claim). Although Defendant suggests that the record supplies sufficient information to permit this Court to review for fundamental error, we are unable to determine whether the undisclosed evidence would have been favorable to the defense, or whether there is a reasonable probability that the result of the proceeding would have been different if that evidence had been disclosed to the defense. As a consequence, we remain unpersuaded that fundamental error has been demonstrated. *See id.* ¶¶ 18-19 (similarly rejecting a claim of fundamental error relative to an unpreserved *Brady* claim, where the record supplied insufficient support for the requisite showing).

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{5}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**