739 P.2d 992

**STATE of New Mexico, Petitioner-Appellee,**

v.

**BILLY M., a Child, Respondent-Appellant.**

**No. 9901.**

Court of Appeals of New Mexico.

June 16, 1987.

Certiorari Denied July 20, 1987.

Hal Stratton, Atty. Gen., Santa Fe, for petitioner-appellee.

Jacquelyn Robins, Chief Public Defender, Lynne Fagan, Appellate Defender, Santa Fe, for respondent-appellant.

OPINION

GARCIA, Judge.

We withdraw our opinion filed on May 21, 1987, and substitute the following.

Respondent appeals from the children's court judgment and disposition finding him to be a delinquent child in need of care and rehabilitation. This court filed a calendar notice proposing summary affirmance and respondent filed a memorandum in opposition. One issue, listed in the docketing statement but not addressed in the memorandum in opposition, is deemed abandoned. *See State v. Romero*, 103 N.M. 532, 710 P.2d 99 (Ct.App.1985). The only remaining issue is whether jeopardy attaches in juvenile adjudicatory hearings once a special master begins to hear evidence. We hold that it does not and affirm the trial court.

FACTS

With the special master sitting for the adjudicatory hearing, respondent was found to have committed misdemeanor aggravated battery. No evidence was tendered by the state concerning whether respondent was in need of care and rehabilitation, but the special master made such a finding.

After reviewing respondent's objection to the special master's findings, the children's court entered a written order remanding the proceedings to the special master for a hearing to determine whether respondent was in need of care and rehabilitation. A second adjudicatory hearing was held in front of the special master, at which time

the state presented evidence on the issue of respondent's need for care and rehabilitation. The special master again made a finding that respondent was in such need and the children's court entered a judgment and disposition.

DISCUSSION

Relying on *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) and *Doe v. State*, 92 N.M. 74, 582 P.2d 1287 (1978), respondent contends that the children's court's remand to the special master for an additional hearing placed him in double jeopardy. We do not agree since the cases cited by respondent are distinguishable.

In *Breed*, the Supreme Court held that a juvenile was placed twice in jeopardy when, after an adjudicatory hearing, judgment and disposition in juvenile court on a charge of delinquent conduct, he was transferred to an adult criminal court and was tried and convicted of the same conduct. The present case is distinguishable because only one judgment and disposition, by the children's court, resulted. Respondent was not tried twice.

Respondent's reliance on *Doe* is also misplaced. In that case, the children's court entered a finding that the child was in need of care and rehabilitation that was unsupported by the evidence. Our supreme court held that jeopardy had attached, and remand for a new adjudication of delinquency would have violated the constitutional prohibition against double jeopardy. In the present case, the children's court had made no findings and conclusions at the time it remanded the proceedings to the special master.

As long as the special master's recommendations are not binding on the children's court judge, a special master is considered a ministerial, rather than a judicial officer, and is without powers of adjudica-tion. *See In re Anderson*, 272 Md. 85, 321 A.2d 516 (1974), *cert. denied*, 421 U.S. 1000, 95 S.Ct. 2399, 44 L.Ed.2d 667 (1975). Under SCRA 1986, 10–111(F), the children's court is not bound by the special master's findings and conclusions. The children's court judge always has responsibility for the final decision in the case. Therefore, a special master's hearing, culminating with an adjudication by the children's court judge, constitutes a single proceeding. *See Swisher v. Brady*, 438 U.S. 204, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1978). Thus, there was no violation of the double jeopardy clause when the children's court judge remanded to the special master prior to entering its findings and conclusions. *See id.*

Respondent contends that Rule 10–111(F) only allows the children's court to receive additional evidence in a case where such evidence was excluded by the special master and exceptions were taken by a party. We decline to adopt such a narrow reading. In light of the limited role a special master plays in children's court proceedings, additional evidence may be received until the children's court judge enters findings and conclusions. We see nothing inappropriate in the children's court's refusal to accept an inadequate report from the special master and think it proper to remand for additional proceedings.

For the foregoing reasons, the children's court is affirmed.

IT IS SO ORDERED.

BIVINS and FRUMAN, JJ., concur.