This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                        **No. 35,387**

**CHESTER TILEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

**{1}** Defendant-Appellant Chester Tiley (Defendant) appeals from his convictions for larceny, conspiracy, and disposing of stolen property. We previously issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a joint memorandum in opposition and motion to amend the docketing statement. After due consideration, we affirm.

**{2}** We will begin our discussion with the issue originally raised in the docketing statement. Because we find nothing in the memorandum in opposition which could be said to renew the claim of ineffective assistance of counsel, that argument is deemed abandoned. *See generally State v. Billy M.*, 1987-NMCA-080, ¶ 2, 106 N.M. 123, 739 P.2d 992 (observing that an issue listed in the docketing statement but not addressed in the memorandum in opposition is deemed abandoned).

**{3}** We will turn next to the motion to amend, by which Defendant seeks to raise two new issues. For the reasons discussed at greater length below, we conclude that neither is viable. We therefore deny the motion. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (providing that a motion to amend the docketing statement will only be granted if the issues are viable), *superceded by statute on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{4}** First, Defendant contends that the district court erred in denying his motion for mistrial after a prospective juror stated that he had worked at the local detention center, and he had "dealt with" Defendant there. [MIO 5-6; RP 161] Defendant contends that this prejudicial and extraneous comment compromised his right to a fair and impartial jury. [MIO 6-8]

**{5}** We are unpersuaded. The other venire members, when questioned, all either stated that they could be fair and impartial, or indicated that they did not feel prejudiced by the comment. [MIO 6; RP 161-62] Under the circumstances, the denial of the motion for mistrial did not constitute an abuse of discretion. *See, e.g., State v. Swick*, 2012-NMSC-018, ¶¶ 67-70, 279 P.3d 747 (concluding that the trial court did not abuse its discretion in denying a motion for mistrial, where the jurors indicated that an outburst in court would not affect their fairness and impartiality in deciding the case based on the evidence presented); *see generally State v. Sacoman*, 1988-NMSC-077, ¶¶ 17-18, 107 N.M. 588, 762 P.2d 250 (holding that "extraneous information creates a presumption of prejudice that may be rebutted by showing that no prejudice actually occurred," and ultimately, "[w]hether the presumption of prejudice has been overcome rests in the sound discretion of the trial court").

**{6}** The second issue that Defendant seeks to raise by his motion to amend is a challenge to the sufficiency of the evidence. [MIO 9-12]

**{7}** In reviewing the sufficiency of the evidence, we analyze "whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86. Furthermore, "we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

**{8}** Below, the State presented evidence that over 13,000 feet of cable with a value in excess of $2,500 had been stolen. [MIO 4; RP 177-79] Law enforcement officers testified that tire tracks observed at the scene and depicted in a series of photos were consistent with the treads on Defendant's truck, [MIO 5; RP 189-91] and footprints observed and photographed at the scene were also consistent with Defendant's shoes. [RP 189] Wire, climbing hooks, and cutting tools were discovered in an accomplice's vehicle. [MIO 3; RP 188] Finally, the owner and one of the employees of a salvage operation testified that Defendant and his accomplice had come to the business together and sold hundreds of pounds of copper wire to them, of a similar nature and appearance to the cable that had been unlawfully removed. [MIO 3-4; RP 170-71, 174] This constitutes sufficient direct and circumstantial evidence to support all of the essential elements of the offenses at issue. [RP 223, 226, 227]

{9} In his memorandum in opposition Defendant does not dispute the foregoing. Instead, he focuses on perceived inadequacies and omissions in the testimony of the witnesses, the documents, and the physical evidence. [MIO 9-10] In light of these considerations, Defendant urges the Court to reweigh the evidence. [MIO 9] This we cannot do. *See generally State v. Fuentes*, 2010-NMCA-027, ¶ 13, 147 N.M. 761, 228 P.3d 1181 ("[W]e will not reweigh the evidence nor substitute our judgment for that of the fact finder provided that there is sufficient evidence to support the verdict." (internal quotation marks and citation omitted)).

{10} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, Defendant's convictions are AFFIRMED.

{11} **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**JONATHAN B. SUTIN, Judge**