This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**JOSHUA PABLO GONZALES,**
**Defendant-Appellant.**

Docket No. A-1-CA-37671
COURT OF APPEALS OF NEW MEXICO
April 15, 2019

APPEAL FROM THE DISTRICT COURT OF CHAVEZ COUNTY, Kea W. Riggs, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, Gregory B. Dawkins, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  M. MONICA ZAMORA, Chief Judge, JULIE J. VARGAS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**     Defendant appeals following his conviction for aggravated assault on a peace officer. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a  memorandum in opposition. After due consideration, we remain unpersuaded by Defendant's assertion of error. We therefore affirm.

**{2}** Defendant has challenged the sufficiency of the evidence to support the conviction. In his docketing statement Defendant focused specifically and exclusively upon the sufficiency of the evidence to establish criminal intent. [DS 7] His memorandum in opposition abandons that argument, shifting the focus to the reasonableness of the officer's fear of imminent battery; we limit the scope of discussion accordingly. *See generally State v. Dawson*, 1999-NMCA-072, ¶ 13, 127 N.M. 472, 983 P.2d 421("We limit ourselves to those elements that Defendant claims to have been insufficiently proved."); *State v. Billy M.*, 1987-NMCA-080, ¶ 2, 106 N.M. 123, 739 P.2d 992 ("[An] issue, listed in the docketing statement but not addressed in the memorandum in opposition, is deemed abandoned.").

**{3}** In the calendar notice we observed that the State called two police officers, who testified that they responded to a call relating to a disturbance. [CN 3; RP 364] At the scene one of the officers encountered Defendant, standing in the driveway holding one or more knives. [CN 3; RP 365-66] Defendant advanced in a threatening manner, effectively preventing the officer from getting out of the patrol vehicle and putting the officer in fear of imminent attack. [CN 3; RP 365-66, 369] It appears that the officer repeatedly yelled at Defendant to drop the knife or knives. [CN 3; RP 370] Ultimately, the knife or knives ended up on the roof, and Defendant was detained. [RP 365, 370]

**{4}** In his memorandum in opposition Defendant does not dispute the foregoing recitation. [MIO 3] However, he adds that Defendant's girlfriend was also present, and she ran to the far side of the patrol vehicle when the officer arrived on the scene. [MIO 3] Defendant then ran toward the vehicle, screaming "Kill me! Kill me!" [MIO 3-4] The officer remained in the vehicle, with the doors locked and the windows up, and ordered Defendant to move away from the vehicle. [MIO 4] Defendant then threw the knife (or knives) onto the roof, at which point the officer got out of his vehicle and made the arrest. [MIO 4]

**{5}** The additional evidence does not alter our assessment. As we observed in the notice of proposed summary disposition, [CN 5-6] the evidence of Defendant's threatening advance upon the officer's patrol unit while holding one or more knives, together with the officer's testimony of his own subjective perception of a threat, was sufficient to support the conviction. *See, e.g., State v. Diaz*, 1995-NMCA-137, ¶¶ 3-7, 16-23, 121 N.M. 28, 908 P.2d 258 (indicating that where officers responded to a reported disturbance, they observed the defendant holding a knife and yelling, the defendant disobeyed repeated commands to drop the knife, and the defendant ultimately made a move toward the officers, the evidence was sufficient to support a conviction for aggravated assault on a peace officer). Although Defendant suggests that the officer's testimony was not truthful, [MIO 6] we cannot second-guess the jury's credibility determination. *See generally State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 (explaining that our appellate courts "will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses" (alterations, internal quotation marks, and citation omitted)). And although Defendant contends that his conduct did not present a genuine threat, [MIO 6-8] the jury was at liberty to conclude that Defendant's conduct was sufficiently menacing to support

a reasonable apprehension on the part of the officer, particularly given that the officer had no way of knowing whether Defendant had access to additional weapons, or what Defendant might do once the officer opened his door. *See Diaz*, 1995-NMCA-137, ¶¶ 16-23 (indicating that questions whether the defendant actively threatened or menaced officers with a knife, whether the officers had reason to fear the defendant, and whether the defendant did or did not pose a threat to the officers were jury questions). *See generally State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (noting that "the weight and effect of the evidence, including all reasonable inferences to be drawn from both the direct and circumstantial evidence is a matter reserved for determination by the [jury]" and recognizing that this Court should not substitute its judgment for that of the jury (internal quotation marks and citation omitted)). We therefore reject Defendant's challenge to the sufficiency of the evidence.

**{6}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{7}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JULIE J. VARGAS, Judge**