This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39248**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BRANDON ASHMORE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appealed following the revocation of his probation. We proposed to summarily affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The relevant background information and principles of law were previously set forth in the notice of proposed summary disposition. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}** Initially, we note that Defendant has advanced no further argument in support in the first issue raised in the docketing statement. We therefore adhere to our original assessment of that matter and reject the assertion of error accordingly. *See generally State v. Billy M.*, 1987-NMCA-080, ¶ 2, 106 N.M. 123, 739 P.2d 992 (observing that any issue listed in the docketing statement but not addressed in the memorandum in opposition is deemed abandoned).

**{4}** Defendant renews his challenge to the sufficiency of the evidence to establish that his probation violations were willful. [MIO 4-6] *See generally State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 ("If the trial court finds that [a probationer's] failure to comply was not willful, but resulted from factors beyond his control and through no fault of his own, then probation should not be revoked."). Specifically, Defendant suggests that his failure to report to his probation officer was due to "unclear guidance," and that his failure to participate in either substance abuse screening or a batterer's intervention program was occasioned by inability to pay. [MIO 5] However, as we previously observed in the notice of proposed summary disposition, [CN 3-4] the evidence on those matters was susceptible to conflicting inferences; and ultimately, the district court was not required to credit Defendant's testimony. *See, e.g., id.* ¶¶ 6-11 (concluding that the evidence was sufficient to support the revocation of probation, notwithstanding the defendant's assertion that he failed to report his arrest because he was initially constrained from so doing and later believed it was too late, where the probation officer testified that the defendant could have satisfied the condition, but he did nothing after an unsuccessful initial attempt). *See generally State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("The fact[-]finder may reject [the] defendant's version of the incident."); *State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843 ("[O]nce the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse."), *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249. To the extent that Defendant asks this Court to reweigh the evidence or draw inferences in his favor, we must decline the invitation. *See generally In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339 (stating that we indulge all reasonable inferences to uphold a finding that there was sufficient evidence of a probation violation).

**{5}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{6}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**